## PAYNE VS. DANLEY.

The proceeding for the confirmation of a tax title must be governed by the ordinary rules of chancery practice, except where otherwise prescribed by statute: and all testimony, resting in parol, must be presented in the form of written depositions unless dispensed with, and oral testimony at the hearing be authorized by the direction of the Court.

The interest of two tenants in common, in a tract of land, may be assessed separately, and upon default by one to pay the taxes assessed upon his undivided half, it may be sold without a sale of the entire interest of both tenants in common—the co-tenant having paid his share of the tax.

*Appeal from the Circuit Court of Drew county in Chancery.*

The Hon. THEODORIC F. SORRELS, Circuit Judge.

S. H. HEMPSTEAD, for the appellant. That it is not legal to tax and sell an undivided interest in a tract of land. Such a sale is void. *Digest* 887, 888; 10 *Ohio* 433; 12 *Serg. & Rawle* 299; 9 *Ham.* 43; 12 *S. & M.* 498; 23 *Miss.* 122. Indefiniteness of description renders a sale for taxes void. 4 *McLean* 481; 13 *How.* 18.

The law concerning tax sales must be strictly complied with.

The tax deed is only *prima facie* evidence and may be overthrown. 15 *Ark.* 337.

PIKE & CUMMINS for the appellee. Payne had no right to appear or be heard in this case as to the undivided half in the lands; 1 *Ark. Rep.* 472; 3 *Gilman* 158.

It is plain that all the powers conferred upon the Circuit Courts by *chapter* 160 *Rev. Stat.*, are in their nature chancery powers. They belong to the chancery side of the court, and the party has no right to produce oral proof at the hearing.

29

A man has a right to pay the taxes on his own property, and the officer is bound to receive it, when tendered. The collector then could not sell the entire interest in a tract of land owned by joint tenants, after one had paid his part: and it follows that he may sell the undivided half of one who fails to pay.

Mr. Justice Scott delivered the opinion of the Court.

This was a proceeding on the chancery side of the Drew Circuit Court, for the confirmation to the complainant below, of title to a number of tracts of land specified in his petition, purchased by him at a sale by the Auditor in pursuance of the statute: the undivided half of the lands thus sold and purchased having been previously forfeited to the State for the non-payment of taxes assessed upon them; and not having been redeemed within the time prescribed by law.

With the petition were filed the several Auditor's deeds, and the publication prescribed by the statute, under which the proceeding was instituted, duly proven.

The confirmation of title was not sought as to the entire estate in all the lands, but as to an undivided half of all the lands, that only having been sold, purchased and conveyed, as appears by the petition, and the Auditor's deeds exhibited therewith.

Payne, the appellant, intervened and contested the confirmation, setting up, by answer and by pleas, several irregularities in the proceedings of the collector of taxes.

The answer, and the admissions at the hearing showed that, at the time of the forfeiture, and for some years previous thereto, Payne owned an undivided half of the lands in question, and that the other undivided half belonged to the Bank of Kentucky or some other non-resident. That, for several years, Payne not only paid the taxes on his own half, but on the Bank's half also. At length he ceased to pay for the Bank's half, and paying only for his own, and no one else paying for the former, the forfeiture accrued.

Upon the ground that he had thus paid out money for the Bank, Payne claimed a lien, for the sum paid out, on the undi-

vided half owned by that corporation, and upon that ground predicated his right to intervene and contest the confirmation. No question below seems to have been raised as to the right of Payne to intervene.

At the hearing, Payne, to sustain the several irregularities in the proceedings of the collector of taxes, which he had alleged in his answer and pleas, offered to read in evidence a writing or paper, purporting in its caption, to be a " list of lands to be offered for sale on the first Monday of September, 1848 for taxes, etc.," under which divers tracts of land were described; their value, the years for which they were taxed, the amount of taxes on each, amount of penalty and the aggregate were set out; opposite to which were the respective owners' names; in which the lands in question were included, and opposite which appeared the words: " Moses U. Payne and Bank of Kentucky, each owns one undivided half," signed by no one, but endorsed—" filed September 16th, 1848—Y. R. Royal, Clerk," which the petitioner objected to, and the court sustaining the objection refused to allow the paper to be read in evidence. Whereupon, Payne called Young R. Royal, the clerk of Drew county, and proposed to prove by him that that paper was the only list ever filed in his office in respect to non-resident lands in that year and that that related to such lands; and offered to prove by him some other matters connected therewith, which it is not necessary to set out; but the Court refused to allow the witness to be sworn, on the objection of the petitioner, that all such testimony should be by deposition, and not oral. Payne took his bills of exceptions, and the Court, finding all of the alleged irregularities unsustained by the evidence in the cause, decreed confirmation, according to the prayer of the petitioner, and Payne appealed to this Court.

There are but two grounds of reversal insisted upon by the appellant's counsel in his argument. The one, that the Court improperly rejected the testimony offered, and the other, that the purchase and sale in question were illegal and void, because the interest and estate of one tenant in common only, was sold,

and not the whole tract of land as an entirety, or some specific part thereof as such.

With regard to the first question there can be no difficulty. This proceeding is, substantially, a bill of peace. *Overman vs. Parker*, 4 *Hemps. C. C. R. p.* 694. Although special in its form, it is, in its nature, but the application of a well known chancery remedy. (*Ib. p.* 695.) It must, therefore, be governed by the ordinary rules of chancery practice, unless in matters otherwise specially prescribed by the statute. There does not appear to have been any direction of the Court below, previously, that authorized oral testimony at the hearing, and dispensed with the ordinary necessity of written depositions. (*Dig. ch.* 28, *secs.* 65, 66.) The written document offered to be read, was not an exhibit in the case. Nor could it have been read in evidence, anywhere, unless accompanied by other proof, which, resting in parol, ought, in this proceeding, to have been presented in the form of written deposition, unless dispensed with.

The other ground, although not clear of difficulty when considered in reference to cases that might possibly arise, does not seem tenable as an objection to the sale made in this case.

There is no want of certainty, as to the land bought and sold in this case, to invalidate the sale. It was the undivided equal share in the several tracts of land owned by two tenants in common, listed to both of them, as owning each one-half; the one tenant having duly paid his half of the tax, and the sale was to satisfy the residue of the assessment.

In the case of *Roukendorff vs. Taylor's lessee*, (4 *Peters R.*,) the land was owned by two tenants in common. The assessment lists showed that one-half of the quantity was set down to each tenant—and thus each was taxed separately for his undivided interest. One of the tenants in common paid his part of the tax, and the other failing to do so, his undivided share of the land was sold.

The validity of that sale was contested, and the Circuit Court of the District of Columbia, sustaining the objection, held; "that the entire land should have been assessed to the two ten-

ants in common, Taylor and Toland, and accordingly advertis-
ed and sold as assessed to them;" and so instructed the jury.

But the Supreme Court overruled the objection, saying (*Ib. p.*
362:) "the same valuation was placed on each half of the land,
so that so far as the assessment goes, it did not substantially
differ from the instruction given. But the sale, to be valid,
need not extend to the interest of both tenants; one having paid
his share of the tax, the interest of the other may well be sold
for the balance."

This authority goes to the extent of holding the *assessment
good*, whether made in the form used in the case at bar, or in
that used in the case cited; became "substantially" the same.
And that a *sale to be valid* need not extend to the entire interest
of both tenants, but would be equally so if the estate in fee of
one of the tenants only was sold upon his default, his co-ten-
ant having paid his own share of the tax. *Black. on Tax Titles*
332.

We see no reason to doubt either as applied to the assess-
ment and sale in the case before us.

The decree will be affirmed.

Absent, Hon. Thos. B. Hanly.