### THE PEOPLE *ex rel.* PRESBURG *v.* McEWEN.

UNDER the Revenue Law of 1860 lands owned by several persons as tenants in common may be assessed to them jointly.

Where lands are thus assessed to several persons jointly by the Revenue Law of 1860, the owner of an undivided portion may pay his proportion of the tax and thus release his portion of the land from the lien of the tax; but unless he makes this payment before a sale is made of the land under a judgment recovered for the tax this right is gone, and a redemption can only be effected by a payment of the entire judgment and all charges.

After a sale of lands under a judgment recovered for taxes a redemption cannot be made by paying a portion of the bid equal to the interest of the redemption in the parcel sold.

If the land is sold in separate parcels by the officer a redemption of distinct parcels can only be made by paying the whole sum bid on any distinct piece sold separately.

APPEAL from the Fourth Judicial District, Contra Costa County.

The facts are stated in the opinion of the Court.

*H. Mills,* for Appellant.

This being a proceeding growing out of collection of revenue, in order to rightly decide upon the question at issue, it becomes necessary to inquire into the liabilities of owners of property under the revenue laws of this State.

This liability is simply to pay a just proportion of the expenses of Government, and in order to determine that proportion an assessment is directed to be made. This assessment law directs that each individual's property shall be assessed separately. There

is no law in existence which recognizes the idea of a joint assessment. (See Revenue Laws of various years under head of "Assessors and their Duties.") From this we argue that it never was the intention of the Legislature to make parties jointly liable for payment of taxes; it is not the person who shall pay the taxes, but the property of each person in its due proportion shall be held liable to pay, etc.

By the various revenue laws the right is given to pay taxes on undivided real estate by paying on any interest the owner may claim therein. (See Law 1861, 430, Sec. 33; Law 1857; Wood's Dig. 622, Sec. 31.)

Can you by the recovery of a judgment for the tax and selling interests (owned separately) jointly compel A to pay the taxes due upon lands of B, or in default of such payment forfeit his own estate? Can the rights of property under our laws be divested in this manner? (*Billings* v. *Hall*, 3 Cal. 3–16; *Taylor* v. *Porter*, 4 Hill.)

The Statute of April 8th, 1861, Sec. 6, provides, "that when the property belongs to minors or persons under legal disability, they shall have until six months after said disability is removed to redeem said property, by paying the whole bid and all subsequent taxes and interest."

In this part of the act provision seems to be made where minors own the entire property and "they" seek to redeem it all, not a part. Otherwise, if there be a number of children arriving at age at different periods, the first redeems the whole and keeps it until the next junior arrives at age and redeems the whole, and so on, each being bound to pay to the other the whole bid, etc., until the youngest had arrived at age, and within six months thereafter it must take another start to go round. Clearly, as heretofore argued, such was never the object of the Legislature by this provision, but they, the Legislature, took it for granted that each person's interest in lands should and would be assessed separately, sold separately, and redeemed separately.

*H. W. Carpentier*, for Respondent.

The right to redeem is given by a proviso to the fifth section of

the act in the following words : "And *provided*, further, that where the property sold belongs to minors or persons under legal disability, they shall have until six months after said disability is removed to redeem said property, by paying the whole bid and all subsequent taxes and interest." (Laws of 1861, 120.)

The language of the act does not admit of construction. It is perfectly clear and unequivocal, and any attempt to elucidate the matter by argument would be as vain a thing as to demonstrate that twice two make four.

NORTON, J. delivered the opinion of the Court—CROCKER, J. and COPE, C. J. concurring.

This is an appeal from an order directing a *mandamus* to issue to the defendant, commanding him to execute a deed to the relator under the following circumstances : An undivided half of a tract of land in Contra Costa County, comprising something more than 6,000 acres, was assessed for the taxes of the year 1860 to three persons. By an Act of the Legislature of 1861 the assessment of taxes for the years 1860 and 1861 for that county were legalized and confirmed, and the District Attorney directed to bring actions to recover the unpaid taxes. (Law of 1861, 119.) Under this law an action was brought against the three persons to whom the said premises were assessed, and a judgment recovered, and the premises sold to the relator by the defendant as Tax Collector. Within six months after the sale one of the defendants, Reyes Vasques, paid to the Tax Collector one-eighth part of the taxes, with costs and per centage allowed by law, for the purpose of redeeming one undivided eighth part of said premises, of which undivided eighth part she claimed to be the owner. At the time of the said sale she was a minor and a married woman. After the expiration of six months from the day of sale the relator demanded a deed of the whole premises, which the Tax Collector declined to give, but offered a deed of seven-eighths. Thereupon the present application was made to the District Court for a *mandamus*, which was granted, requiring the Collector to execute a deed for the whole premises sold. From this order Reyes Vasques appeals.

The argument on the part of the appellant is, that the law under

People *v.* McEwen.

which the assessment was made does not authorize or contemplate an assessment jointly to tenants in common, but, on the contrary, each owner is to be assessed for his share, and may, consequently, redeem his share, and that a part owner is expressly authorized to pay his proportion of a tax, and that the obtaining a judgment and effecting a sale under the special Act of 1861 does not change this right to pay a portion of the tax and redeem an undivided share.

The Revenue Act of 1860, under which the assessment in question was made, does not directly authorize a joint assessment, unless the property is owned by a firm or association, but under the designation " person " it would doubtless be competent to assess land to several persons, and it seems to be contemplated that such assessments would be made, since it is provided that the owner of an undivided portion may pay his portion of the tax.

But if there was any irregularity or illegality in the assessment in this respect it was remedied by the special confirmatory Act of 1861. Whatever may have been the right of an owner of an undivided share to pay his portion of a joint tax it was a right which could only be exercised before a sale by the law under which an assessment was made, or before a judgment under the special Law of 1861. The Revenue Law of 1860, which allows an owner of an undivided portion of a tract of land to pay his portion of the tax, nevertheless only allows a redemption after sale by a payment of the whole tax and charges, and provides no mode of redeeming an undivided portion. And the special Law of 1861 in like manner requires a payment of the whole judgment in order to effect a redemption, and provides no mode of redeeming a portion. The provisions of the Civil Practice Act are made applicable to judgments under this special act, but if a redemption can be made under those provisions it can only be done by paying the whole sum bid on any distinct piece sold separately. A redemption cannot be made by paying a portion of the bid equal to the interest of the redemptioner in the parcel sold.

The appellant urges that it will work injustice and hardship to allow undivided interests to be assessed jointly, and require a part owner to pay the whole tax in order to save his own portion of the property, however small that may be ; and he also points out some

embarrassments that will attend the right of minors to redeem as they successively arrive at - their majority. The answer is, that such is the law. In the effort to enact effective laws to compel property owners to pay their taxes full provision may not have been made for all contingencies, but the law as it stands is plain in its terms and must be enforced, if there is no valid objection to the power of the Legislature to pass it. The power to pass laws of this character was considered and upheld in the case of *The People* v. *Seymour* (16 Cal. 332). The force of the argument on the ground of the hardship of this case is diminished by the fact that under the Revenue Act of 1860 the appellant might have paid her portion of the tax before the time fixed for a sale.

The order appealed from is affirmed.