THE CITY OF NEW LONDON *vs.* WILLIAM F. MILLER
AND WIFE.

New London Co., Oct. T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS,
SEYMOUR and TORRANCE, JS.

An assessment for benefits from a city improvement should be made against
    the owner or owners of each piece of land benefited. A joint assess-
    ment may be made where there is a joint ownership, but where there
    are separate and distinct interests in the same land there should be a
    separate assessment against each of the owners of such interest for the
    benefit accruing to his interest.
An assessment otherwise made is irregular, but is not so wholly void that
    the irregularity cannot be waived by the persons against whom it is
    made.
The authority to make special assessments for benefits is found in the tax-
    ing power of the legislature.

[Argued October 21st, 1890—decided March 3d, 1891.]

SUIT for the foreclosure of a lien for an assessment against
the defendants for benefits from the construction of a sewer
in the plaintiff city; brought to the Court of Common Pleas
in New London County. The plaintiff amended the com-
plaint by making William F. Miller the sole defendant. The
defendant demurred to the amended complaint. Demurrer
overruled by the court (*Crump, J.,*) and, the defendant not
answering over, judgment rendered for the plaintiff. The
defendant appealed. The case is fully stated in the opinion.

*R. Wheeler* and *H. A. Hull,* for the appellant.

*J. Halsey* and *A. Brandegee,* for the appellee.

ANDREWS, C. J. This action was brought against Wil-
liam F. Miller and Margaret Miller, his wife. The complaint,
as it stood before it was amended, alleged in substance that
the defendants were on and before the 13th day of August,
1887, the owners of certain real estate in the city of New
London abutting on Main street; that prior to said day the

board of sewer commissioners of said city laid out and constructed a public sewer in and through said Main street; that on the 27th day of August, 1887, the said board, after notice and hearing to the defendants, assessed against the defendants, whose property was in the judgment of the board benefited by the sewer, the sum of $149.25 as the sum which they ought justly and equitably to pay as their proportionate share of the expense thereof; that notice of said assessment was given to the defendants and no appeal was taken, and that it has never been paid; and that a certificate of lien was duly filed and recorded in the town clerk's office; and the complaint claimed a judgment for the amount of the assessment and a foreclosure of the lien. A copy of the certificate of lien was annexed to a deed made part of the complaint and is as follows:

"This may certify that a lien in favor of the city of New London is claimed and continued upon the land and premises hereinafter described to secure the payment of one hundred and forty-nine and $\frac{25}{100}$ dollars due said city from Wm. F. and Margaret Miller, the owners of said property, as an assessment of benefits resulting thereto from the construction of a public sewer in and along Main street in said city by the board of sewer commissioners thereof. Said assessment was duly made by said board on the 13th day of August, 1887, under and in compliance with the provisions of an act relating to sewers and sewerage in the city of New London, passed at the January session of the General Assembly of the state, A. D. 1886; amounts to the sum of one hundred and forty-nine $\frac{25}{100}$ dollars, and was due on the 27th day of August, 1887. The parties liable to pay the same have been duly notified, and the same is unpaid, and is claimed as the amount secured by this lien, with interest from the 6th day of October, 1887. The premises upon which this lien is claimed are situated on Main street in said city of New London and are bounded and described as follows, namely: northerly by land of Wm. R. and Mary F. Brown, easterly by Winthrop Avenue, southerly by land of James

Maux, and westerly by Main street. Dated and recorded October 26th, 1887."

At the trial the plaintiff amended the complaint as follows:—"Strike out from the complaint the name of Margaret Miller, and insert the word 'defendant' instead of the word 'defendants' whenever the latter occurs in said complaint." Add to the complaint a new paragraph as follows: "The land described in said complaint consists of four lots lying contiguous to each other, and not separated by any visible boundaries. Of three of said lots the record title stands in the name of Margaret Miller. The record title of the remaining lot stands in the name of William and Margaret Miller. Said William and Margaret Miller are husband and wife, and were married prior to 1870. Plaintiff claims only a foreclosure of the interest of William Miller in said lands."

To the amended complaint the defendant William Miller demurred. The court overruled the demurrer, and on his failure to answer over rendered judgment against him for the full amount of the assessment and decreed a foreclosure of his interest in the land. He appeals to this court.

If the action had been prosecuted in its original form against both these defendants it is more than possible that it might have been successfully carried through. The trial court would have had some ground to assume that the land of the defendants had been increased in value by the construction of the sewer to the full amount of the assessment, which in all fairness they ought to pay. They had timely notice of the proposed assessment and an opportunity to appear and object to any excess or irregularity in that assessment. They did not do so. From their default in such appearance, in connection with the other facts in the case, and in the absence of any evidence to the contrary, the court might very likely find that they were willing to have their interests in all the lots treated as wholly joint instead of partly joint and partly several. Strictly an assessment for benefits should be made against the owner of each piece of land benefited. A joint ownership in the same land would jus-

tify a joint assessment for benefits against all the owners. And where there are separate and distinct interests in the same land, owned by different persons, which are benefited, there should be separate assessments against each of the owners for the benefit accruing to his property. Any assessment that did not observe this rule would be irregular. But it would not be so wholly void that the irregularity could not be waived by the persons against whom it was made.

In the judgment rendered against William F. Miller alone, on the amended complaint, we think there is manifest error. An assessment for benefits is a kind of taxation. And like all taxes it must be wholly joint or wholly several. It cannot be joint *and* several. There is no joint and several liability for taxes. One person is never liable for the taxes of another. A certificate of such an assessment, in order to be valid, must, unless it be a case where it is otherwise provided, describe an assessment made against a party liable severally, or against the parties liable jointly to pay it. Any action brought to recover the amount of an assessment for benefits, or to foreclose a lien laid to secure it, must be predicated on the assessment as it was actually made, of which the certificate recorded in the town clerk's office is usually the only evidence, and is always the only record evidence. After the expiration of the time within which such certificate must be recorded, the record becomes the sole evidence that an assessment was ever made. If a complaint in such an action should allege a several assessment, it would not be proved by a record that described a joint one. In an action where the complaint alleged a several assessment and the proof was of a joint one, no valid judgment could be rendered, because it could not follow both. A judgment must follow the things proved as fully as it must the things alleged. If it varies from either it is erroneous.

In this case the certificate does not support, but rather contradicts, the averments of the amended complaint. The complaint declares on an assessment made for benefits to

the land described as though William F. Miller was its sole owner. The certificate speaks of a joint assessment for benefits to land of which William F. Miller and Margaret Miller were the joint owners. The certificate speaks of but one assessment for benefits to a single piece of land. The amended complaint shows that instead of a single piece of land there were four lots, one of which is owned by William F. and Margaret Miller jointly, and that of the three others William F. is the tenant for life and Margaret the tenant in fee. The certificate shows that there has been no separate assessment for the benefits to the one lot owned jointly, and that there has been no assessment for the benefit to the separate interest owned by each in the other three lots; but that there has been one lump sum assessed for the benefit to four pieces of land in which William and Margaret have distinct properties, against them jointly. In this way the certificate shows that there has never been any such assessment as is alleged in the amended complaint. The remainder in fee owned by Margaret Miller is her separate estate. Her husband has no interest in it, nor is he subject to any liability on account of it. It is altogether likely that her remainder was benefited by the sewer more than was the life estate of William. To require him to pay for that benefit is not equitable or just.

We have spoken of the assessment for benefits as a kind of taxation. The statement is correct to this extent, that the authority to lay special assessments for benefits is found in the taxing power of the legislature. It would, however, be improper to say that an assessment for benefits is ordinarily included in the term " taxes " or " taxation." It is not. " It is never so spoken of in the charters of cities or boroughs, or in the general law, or in popular speech." Taxes are the regular, uniform and equal contributions which all citizens are required to make for the support of the government. An assessment for benefits may lack each of these qualities and yet be valid. " It is a local assessment, imposed occasionally, and upon a limited class of persons interested in a local improvement " and is uniform only in that

it is supposed to give an added value to the property of each person assessed to the full amount of the assessment. But it has one requirement in common with every kind of taxation—that the assessment must be made against the very person whose property is benefited.

There is error and the judgment is reversed.

In this opinion the other judges concurred.