HERNÁNDEZ v. FELICI ET AL.

APPEAL from the District Court of Ponce.

No. 28.—Decided November 27, 1906.

COMMON OWNERSHIP OF PROPERTY—COOWNERS—RIGHTS THEREOF.—A coowner has the same rights as the owner although the former is limited in the exercise of his rights to the extent of the rights of the other coowner.

ID.—TAXES—SALE AT PUBLIC AUCTION FOR TAXES—RIGHT OF REDEMPTION.—
Where a property is sold for taxes the right of redemption provided for by the
civil law should not be resorted to, but in such cases the parties should avail
themselves of the right of redemption governed by our special law which
treats of the taxing system.

ID.—RIGHT OF REDEMPTION OF COOWNER.—A coowner of a property sold for
taxes at public auction may redeem the property within the period provided
for by law, but such right of redemption can only be exercised with respect
to the whole property and not of the aliquot part of the coowner, because
the taxes constitute an encumbrance upon the whole property and the sale
thereof was effected at one time.

ID.—PREVIOUS RECORD OF COOWNERSHIP IN THE REGISTRY.—In order successfully
to exercise the right of redemption it is not necessary that the coowner shall
have recorded his right of coownership in the registry of property.

ID.—RIGHT OF REDEMPTION.—In order to exercise the right of redemption it is
not necessary that the ownership of the property shall have been previously
recorded in the registry of property.

ID.—CAPACITY OF OWNER FOR THE PURPOSES OF TAXATION.—The Insular Treasury
regards as the owner of the property the person who in such capacity and
in due time signs the *planillas* required by the revenue law and it is against
him that proceedings for the collection of taxes are prosecuted, and it is
such person who has the right of redemption in compliance with the law upon
the subject.

ID.—RIGHT OF OWNERSHIP OF A COOWNER EXERCISING THE RIGHT OF REDEMPTION
WITH RESPECT TO OTHER COOWNERS.—Although a coowner has the right of
redemption of the whole property for the payment of taxes, the recognition
of that right has nothing to do with his right of ownership with respect to
the other coowners of the same property.

STATUTORY CONSTRUCTION—STATUTES ADOPTED FROM OTHER STATES.—It is a prin-
ciple well established both by American and Spanish law that when one State
adopts a statute from another, the construction placed thereon by the courts
of the latter is worthy of great consideration in the construction which the
courts of the former shall place upon the same, the presumption being that
the legislature in adopting the statute intended that it should be so con-
strued.

The facts are stated in the opinion.

Mr. López de Toro for appellant.

Mr. Díaz Navarro for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

The People of Porto Rico attached a tract of land con-
sisting of 30 *cuerdas,* more or less, situated in the *barrio* of
Cerrillos, Municipal District of Ponce, which formed part of
a larger estate called "Rita."

The owners of the portion attached appeared to be Ale-
jandro Albizu and others and owing to their being delinquent

taxpayers it was offered at public sale for the collection of the taxes, surcharges and costs, amounting to 196.37 *pesos.*

This estate was awarded to José Liborio Hernández for the sum of $200, and the collector of revenues of said city executed the certificate of sale in his favor.

Thus matters stood when Domingo Felici, as a coowner of the portion sold at public sale, requested José Liborio Hernández to receive the amount of the price of sale, costs, expenses and interest, and deliver to him the certificate of sale, to which request the former replied that he would not receive the money referred to by the latter, because he did not know what he should do at the time the request was made.

Under these circumstances Felici went to the Registrar of Property of Ponce, José Sastraño Belaval, and, after the proper liquidation, he deposited in his office the sum due José Liborio Hernández under the law as the purchaser, said sum remaining at his disposition, whereupon under date of March 8, 1905, the said official issued the certificate of redemption in favor of Domingo Felici.

Rosaria Vázquez, also an alleged coowner of the "Rita" estate, informed Hernández of her wish to redeem the estate sold, but the latter answered that Felici had already made the same demand, and it does not appear that this lady took any further steps to carry out her intention.

José Liborio Hernández directed his action against Domingo Felici and against the Registrar of Property of Ponce, and in his complaint instituting these proceedings he prayed for the annulment of the certificate of redemption, and indemnity for loss and damage, estimated at $1,000, basing the latter upon the fact that he had not been able to sell under advantageous conditions the estate he had bought at public sale, owing to the action of the said Felici, and the plaintiff alleged in his complaint as a ground of law the circumstances that the former is not the owner of the estate sold nor did he have his right as a coowner recorded in the registry of property on the date of the redemption.

The defendant Felici contested the complaint, and after all the proceedings had been had in the action, the judge of the District Court of Ponce rendered judgment on February 23, 1904, in favor of the plaintiff, in so far as it holds the certificate of redemption to be void, and against him, in so far as it dismisses the claim for damages.

This judgment is based upon a lengthy opinion of said judge, of which we will speak later, even though we examine only the essential grounds therefor.

Felici took an appeal from this judgment and the record having been presented, he appeared in this Supreme Court, as did the plaintiff and respondent, filing their respective briefs, and through their counsel making oral arguments at the hearing.

The parties agree upon the facts which we have summarized and for this reason and in view of the grounds of the judgment appealed from, the question to be decided by this Supreme Court is reduced to the following:

First. Can a part owner of property sold for the payment of taxes redeem it within the term and in the manner prescribed by section 348 of the Political Code?

Second. Can the part owner in question redeem the entire estate sold or only his interest therein?

Third. Is the fact that the right of the part owner is not recorded in the registry of property an obstacle to the exercise of such right?

In our judgment these are the points to be considered, inasmuch as the parties agree as to the identity of the estate in question, and we do not understand why the trial court touched upon this point, even though in an incidental manner.

Naturally the consideration arises in a general way of the principle laid down by all legal text-writers, that a coowner has the same rights as an owner, although the exercise of the right of the former is limited by the rights of the other coowner.

The judge of the District Court of Ponce takes sections

1417 and 1425 of the Civil Code relating to conventional redemption of coowners to arrive at the conclusion that Felici "could not exercise the right of redemption to his exclusive benefit, but only in proportion to his own right unless there should be an agreement with the other coowners."

In the matter of the sale of an estate for nonpayment of taxes, we cannot see what justification there is to have recourse to the civil law which regulates the right of redemption, when we have in this case a new right which is the right of redemption sanctioned by our special law regulating the system of taxation.

The parties agree, and this may also be deduced from the opinion of the judgment court, that our tax law is taken from that in force in the State of California, and that it is, like ours, embodied in the Political Code; and if this be so it is necessary to compare them in their spirit and letter and to examine the construction of the original law by the court competent to fix its real scope and meaning.

We have on a number of occasions held that " it is a principle established both in American and Spanish law that when one State adopts a statute of another State the construction which the courts of the latter State may have placed upon such statute is worthy of great consideration in the construction which the courts of the State adopting it shall place upon such a statute, assuming that the legislature in adopting the text of the law intend that it should be so construed."

Let us see what our Political Code provides in regard to the matter.

"Section 348. The owner of any real property sold for taxes, his heirs or assigns, or duly authorized agents, may redeem the same within ninety days of the issue of the certificate of purchase by payment to the purchaser, his heirs or assigns, of the full amount of the purchase money, with annual interest thereon at the rate of 15 per cent, together with all costs incurred and taxes due," etc., etc.

Section 3817 of the Political Code of California, page 519, reads as follows:

"3817. In all cases where real estate has been sold, or may hereafter be sold for delinquent taxes to the State, and the State has not disposed of the same, the person whose estate has been, or may hereafter be sold, his heirs, executors, administrators, or other sucessors in interest, shall at any time after the same has been sold to the State, and before the State shall have disposed of the same, have the right to redeem such real estate by paying to the county treasurer of the county wherein the real estate may be situated, the amount of taxes, penalties and costs due thereon at the time of said sale, with interest on the aggregate amount of said taxes, at the rate of 7 per cent per annum;" etc., etc.

As may be seen slight modifications as to details may be noted in the two texts, the rate of interest for example being different; but essentially the same words are employed, and it is especially worthy of attention that the language is the same in that part of the law essential to this case, namely, that in which the persons having the right to redeem are enumerated. In our Political Code as in that of California it is provided that the owner and his heirs or assigns have the right to redeem.

Let us now observe the construction of the law of California by the Supreme Court of that State in the case of *People* v. *McEwen,* 23 Cal., 54.

In this case property owned in common was sold at auction for nonpayment of taxes. One of the coowners desired to redeem only his share or interest in the property and the court holds that he can redeem only the whole.

Similar doctrine is announced in the case of *Mayo* v. *Marshal,* 9 Cal., 595.

The right of redemption in favor of a coowner is also stated in the American and English Cyclopedia of Law, volume 2, page 217, note 4.

Therefore it is decided that a coowner may redeem, but he can only redeem the entire estate sold, and the reason

which exists for the necessity of redemption of the entire property and not of the aliquot portion of the coowner, is. because the taxes were levied upon the entire estate sold and the sale thereof took place at a single act.

It was not necessary for Domingo Felici to have his right of coownership recorded in the registry of property in order to successfully exercise his right of redemption.

Where the law makes no distinction we must make none,. and if section 348 of the Political Code above cited does not. require such requisite of record on the part of the owner, it is. not just that it be required of the coowner, whose right in so. far as the redemption is concerned is exactly the same, especially when even looking at the matter from the same point of view as the trial court—that is to say, as a redemption, it was not necessary in order to exercise this right to have the. ownership recorded, according to the decision of the Supreme Court of Spain of February 5, 1883.

The owner of the estate in so far as the Insular Treasury is concerned, is the person or persons duly signing as such, the. schedule which the law requires in the matter of taxes, and it is against them that it directs its action for the recovery of taxes in arrears, and they, without further requisite, enjoy the right of redemption upon complying with the law relating to the matter.

The conclusion of the trial judge that Felici cannot avail himself of the right of redemption to the prejudice of the other coowners can have no influence upon our minds. They have not been parties to the litigation nor do we for the present know what such prejudice is nor can we form judgment in advance as to what pertains to the future.

We hold only that Felici, as a coowner, has the right to redeem the entire estate sold. But we do not venture to say anything as to his right of ownership in relation to the other coowners of the said estate. This is not the question submitted for our consideration, nor is it similar thereto.

For the reasons stated, the judgment appealed from

should be reversed and the certificate of redemption issued by the Registrar of Property of Ponce in favor of Domingo Felici should be declared valid and effective, with the costs against the respondent, José Liborio Hernández.

*Accordingly decided.*

Chief Justice Quiñones, and Justices Hernández and Wolf concurred.

Mr. Justice MacLeary did not take part in the decision of this case.