CITY OF MEXIA et al. v. MONTGOMERY
et al. (No. 674.)

Court of Civil Appeals of Texas. Waco.
May 17, 1928.

Rehearing Denied June 21, 1928.

Municipal corporations ⬦⟶480—Special paving
assessment against realty, naming owner of
undivided interest as sole owner, held void.

Special paving assessment levied against
property and owner of one-half undivided interest therein as sole owner, and which in assessment and certificate issued thereunder ignored ownership of other one-half undivided interest by minor, *held* void.

Appeal from District Court, Limestone
County; W. R. Boyd, Judge.

Suit by the City of Mexia against Mrs.
Emma Edwards Montgomery and others, in which the Uvalde Paving Company intervened. From an adverse judgment, plaintiff and intervener appeal. Affirmed.

Holland, Bartlett, Thornton & Chilton, of
Dallas, White & White, of Mexia, and Oscar D. Montgomery, of Dallas, for appellants.

Walters & Kidd and Rennolds & Rennolds,
all of Mexia, for appellees.

GALLAGHER, C. J. This suit was instituted by appellant, city of Mexia, a municipal corporation, against appellees, Mrs. Emma Edwards Montgomery, her husband, C. R. Montgomery, and C. B. Edwards, a minor, to enforce a paving certificate issued by the officers of said city in pursuance of an ordinance of its governing body, levying a special assessment in the sum of $1,931.77 for the cost of paving Sumpter street against certain property abutting thereon and against Mrs. C. B. Edwards, the alleged owner of such property. Appellant alleged that Mrs. Edwards had since said levy married said Montgomery, and that he and said C. B. Edwards were claiming some interest in the property upon which said assessment was levied, but that their respective interests therein, if any, were subject to the enforcement of said assessment. Appellant prayed for a personal judgment on said certificate against Mrs. Montgomery, and for foreclosure of lien on said property against all the appellees. The Uvalde Paving Company, a corporation, intervened, alleged that it was the owner of said certificate, adopted the material allegations made by the city, and prayed for judgment thereon in its own name. Appellees alleged that Mrs. Montgomery was formerly the wife of C. B. Edwards; that the property on which said assessment was levied was community of said marriage; that on the death of said Edwards his interest therein descended to the minor, C. B. Edwards, his adopted child and heir; that said property was at the time of the levy of said assessment, had been continuously since, and was still the homestead of herself and said child. Appellees alleged that said assessment was void because said minor, C. B. Edwards, was not named therein nor made a party thereto. The case was tried before the court without a jury, and judgment rendered that plaintiff and intervener take nothing by their suit, and they join in presenting said judgment for review by this appeal.

Opinion.

Appellants present as ground for reversal a single contention. They insist that the court should have rendered a personal judgment in favor of appellant Uvalde Paving Company against Mrs. Montgomery for one-half of the amount assessed against her and said property, with interest thereon and attorney's fees, as specified by the terms of said certificate. The undisputed evidence showed that the property involved was at the time of the levy of said assessment owned jointly by Mrs. Montgomery, then Mrs. Edwards, and said minor, C. B. Edwards, and that the same was used and occupied by them as a homestead. There is also evidence in the record tending to show that appellants were fully advised of the facts concerning the title to said property and the use thereof before the work of paving said street was begun. Said assessment was levied against said property, and against Mrs. Montgomery as the sole owner thereof. The ownership of a half interest in said property by the minor was ignored, and he was not named in the assessment, nor in the certificate issued in pursuance thereof. Our Supreme Court held, in the case of City of Dallas v. Atkins, 110 Tex. 627, 631, 223 S. W. 170, 171, par. 5, that it was essential, in a case of special assessment against property belonging in common to more than one owner, that the amount assessed be so apportioned among the several owners in common as to apprise each of them of the amount due by him, and cited City of Paris v. Tucker, 101 Tex. 99, 104 S. W. 1046, in support of such holding.

The rule thus announced was specifically applied in the case of Uvalde Paving Co. v. Lyons (Tex. Civ. App.) 289 S. W. 202 et seq. That was a suit to enforce a paving certificate issued in pursuance of an assessment in gross levied upon a certain tract of land and upon the owners thereof, three in number. The defendants contended that said assessment was void because the same was levied in a lump sum against the whole of the property, and was not so assessed that each defendant could pay his own pro rata part and discharge his interest from the lien. The trial court sustained an exception to plaintiff's petition, based on such contention, and rendered judgment denying plaintiff any re-

⬦⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

covery, and said judgment was affirmed on appeal. The court in its opinion in that case properly said that there was no law that required the owners of said property to waive the invalidity of the assessment sought to be enforced. The Supreme Court refused a writ of error in that case.

The assessment made against said property by the city of Mexia, as recited in the certificate sued on, was the foundation of the cause of action asserted against Mrs. Montgomery, individually, as well as the foundation of the lien sought to be foreclosed. Such assessment being void, no recovery against her of any kind could be had thereon. The judgment of the trial court is affirmed.