## SHAMBAUGH v. SMITHEY et al. *

### No. 9824.

Court of Civil Appeals of Texas. Galveston.

Feb. 8, 1933.

Rehearing Denied April 13, 1933.

W. H. Graham, of Houston, for plaintiff in error.

Edgar H. Phelps, of Houston, for defendants in error.

LANE, Justice.

This suit was brought by Scott Shambaugh against W. W. Smithey and wife, Frances M. Smithey, and C. W. Hurley, to recover upon a paving assessment certificate for the principal sum of $748.80, together with the sum of $250 as attorney's fees, or such fees as may be found reasonable, and for a foreclosure of his statutory lien on the property described, against Crain Ready Cut House Company and W. W. Smithey and wife for a share of the costs of paving and otherwise improving Belle Court avenue in the city of West University Place, upon which lot 1 of block 2 of Belle Court addition abutted, which certificate recites as follows:

"This is to certify that by virtue of an ordinance of the City Commission of West University Place, Texas, passed on the 18th day of December, 1928, there was levied an assessment in the sum of Seven Hundred Forty Eight and 80/100 Dollars against property situated in said City, being Lot 1 of Block 2 of Belle Court Addition, fronting 128 feet on the north side of Belle Court, and against Crain Ready Cut House Co. and W. W. Smithey and wife, Frances M. Smithey, the owner of said property. That said assessment is payable to Scott Shambaugh or his assigns in ten equal installments, after May 17, 1929, as follows: In one, two, three, four, five, six, seven, eight, nine, and ten years, respectively, together with interest thereon from said date at the rate of seven (7%) per centum per annum, payable annually. Said installments are evidenced by coupons attached, payable to said Scott Shambaugh, or bearer, signed with the facsimile signature of the proper officers of said City, and attested by its seal. Said owner has the right to pay any of said installments before maturity, with accrued interest. That said assessment was levied by virtue of said ordinance and other proceedings of said City providing for payment by said owner of his pro rata of the cost of improving Belle Court under a contract between said City and Scott Shambaugh of date the 4th day of December, 1928. That by said ordinance, said assessment with costs of collection and reasonable attorney's fees, if incurred, is declared to be a first paramount lien upon said premises (except as to lawful and ad valorem taxes) and a personal liability of the owner, payable to said Scott Shambaugh or assigns, in installments and with interest as above set forth. That in accordance with said ordinance, it is hereby declared that if default be made in the payment of any installment of principal or interest hereon when due, then, at the option of the said Scott Shambaugh or other legal holder hereof, this certificate shall at once mature without notice, and the full amount of principal hereof shall be collectible with accrued interest and reasonable attorney's fees, and costs of collection if incurred. That all proceedings with reference to making such improvements have been regularly had

*Writ of error granted.

in compliance with the law, the Charter of said City, and terms of this certificate, and that all prerequisites to the fixing of the lien and claim of personal liability evidenced by this certificate have been performed. That said improvement has been completed by said contractor in compliance with the terms of said contract, and was accepted by said City on the 17th day of May, 1929."

Plaintiff alleged that the facts recited in the certificate are true, except that, as a fact, Crain Ready Cut House Company was not the owner of the property at the time stated in the certificate, and therefore the assessment created no liability against said company.

Plaintiff further alleged as follows:

"Prior to the issuance of said certificate, the governing body of said City duly and legally passed an ordinance by the terms of which said sum of money was assessed against said property, and said owners, and a lien was fixed against said property to secure the payment of said sum of money, which lien was made superior to all other liens, except as stated in said certificate.

"In making said improvement and in taking the steps said City did take with reference thereto, the governing body of said City and all other officers whose duty it was to have a part in the performance of any act relating thereto, took each and every step required by the constitution and laws of Texas to make said assessments valid and binding personal obligations against the real and true owners of said property aforesaid, and a valid, binding and enforcible superior lien on said property, to secure the payment of said sums of money.

"At the time the City ordered said improvement, levied said assessment and issued said certificate, Belle Court was a public street or highway within the corporate limits of said City; said property abutted said portion of said street, and the defendants, W. W. Smithey and wife, Frances M. Smithey, were the sole owners of said property, and are now the owners thereof.

"That the defendant, C. W. Hurley, is asserting a lien upon said property but said lien is inferior to the lien held by plaintiff, as aforesaid, and as against said defendant, plaintiff is entitled to a foreclosure.

"That two installments of principal and interest are now past due and unpaid; that demand has been made upon said defendants for the payment of said sums of money, which demand has not been complied with; that because of default in the payment of said past due principal and interest, plaintiff has placed said claim in the hands of W. H. Graham, an Attorney at Law, for collection and suit, and has promised to pay said attorney a reasonable fee for such services, which plaintiff says is $250.00."

Defendants, W. W. Smithey and wife, Frances M. Smithey, and C. W. Hurley, answered by general demurrer, general denial, and by a special plea alleging that at the time such paving was done and the assessment made the real property described in plaintiff's petition and upon which the paving lien is sought to be foreclosed was and is the homestead of W. W. Smithey and Frances M. Smithey, husband and wife, and that by reason thereof the purported paving lien and assessment described by plaintiff is void, and constitutes no lien on such property; that C. W. Hurley owns and claims a first prior lien upon the property.

Becoming cross-plaintiffs, defendants repeated their allegations as to the ownership of the property by Smithey and wife and their homestead rights therein and their averment that the lien claimed by the plaintiff was and is void; they also repeated their allegation that Hurley held a first prior lien on the property. They prayed that the cloud cast upon the property by reason of the matters and things alleged by plaintiff be removed, and for judgment against the plaintiff decreeing void his purported lien.

The case was tried before the court without a jury.

Judgment was rendered wherein it is recited that, after having heard the pleadings, evidence, and argument of counsel, the court "doth find that plaintiff should take nothing by this suit and that judgment should be rendered for defendants. That defendants in open court dismissed their cross-action, and said cross-action is here now dismissed without prejudice."

From such judgment Scott Shambaugh has appealed.

Appellant, for a reversal of the judgment, contends that it affirmatively appeared in the pleadings and evidence that W. W. Smithey and wife, Frances M. Smithey, were the real and true owners of the property involved at all times material to this suit, and that there is no showing that it was the separate property of either Smithey or his wife; that, in the absence of such last-mentioned showing, and upon the showing that such property was owned by W. W. Smithey and wife, legal presumption must be indulged that it was community property of Smithey and wife, and that, as there was no proof that such property was a homestead, plaintiff in error was entitled to a judgment against W. W. Smithey personally for the sums prayed for, and for a foreclosure of his alleged lien on the property involved, and the court erred in not so adjudging.

Appellant sued upon the certificate, which we have copied in our preliminary statement, issued by the city of West University Place. The certificate recites that it was issued by virtue of an ordinance of the city commission of said city; it recites that all proceedings with reference to making the improve-

ments in question had been regularly had in compliance with the law, the charter of the city, and terms of said certificate, and that all prerequisites to the fixing of the lien and claim of personal liability evidenced by such certificate had been performed; that said improvements had been completed by the contractor in compliance with the terms of his contract; and that the same had been accepted by the city on the 17th day of May, 1929.

The Legislature of Texas, at its first called session of the Fortieth Legislature, passed and put in force on the 18th day of June, 1927, an act (Acts 1st Called Session of 40th Legislature, c. 106, p. 489 [Vernon's Ann. Civ. St. art. 1105b, §§ 1–14]), authorizing incorporated cities, towns, and villages to improve their streets, avenues, boulevards, etc., and to assess part of the costs thereof against abutting property and owners thereof.

Such act, among other things, provides that the governing body of such incorporations shall have power to cause to be issued in the name of the city assignable certificates in evidence of assessments levied declaring the lien upon the property and the liability of the *true* owner or owners thereof *whether correctly named or not*, and to fix the terms and conditions of such certificates. (Italics ours.)

Such act in section 6 thereof (Vernon's Ann. Civ. St. art. 1105b, § 6) provides as follows:

"If any such certificate shall recite substantially that the proceedings with reference to making the improvements therein referred to have been regularly had in compliance with the law and that all prerequisites to the fixing of the assessment lien against the property described in said certificate and the personal liability of the owner or owners thereof have been performed, same shall be prima facie evidence of all the matters recited in said certificate, and no further proof thereof shall be required. In any suit upon any assessment or reassessment in evidence of which a certificate may be issued under the terms of this Act it shall be sufficient to allege the substance of the recitals in such certificate and that such recitals are in fact true, and further allegations with reference to the proceedings relating to such assessment or reassessment shall not be necessary.

"Such assessments shall be collectible with interest, expense of collections, and reasonable attorney's fee, if incurred, and shall be a first and prior lien on the property assessed, superior to all other liens and claims except state, county and city ad valorem taxes, and shall be a personal liability and charge against the said owners of the property assessed."

■ It is apparent from the certificates that the governing body of the city created and fixed a lien on the whole of the real property and a joint and several personal liability upon and against each of the three persons named in the certificate, to wit, Crain Ready Cut House Company, W. W. Smithey and wife, Frances M. Smithey. There is, however, no recovery whatever sought by plaintiff against the Crain Ready Cut House Company. It is in effect conceded by all parties that such company owned no interest in the property, but that Smithey and wife were the true owners thereof. So Smithey and wife being such true owners, a valid paving lien could be fixed against the property as attempted, unless it was at such time the homestead of the true owners. In such last event no valid lien could be fixed against the property, nor any personal liability be established against Mrs. Smithey, a married woman, but a personal liability to pay the certificate could be established against W. W. Smithey, the husband.

Appellees, however, contend that, as the certificate declared upon shows upon its face to have been based upon one assessment against property owned jointly by three persons, such certificate is void, and therefore the plaintiff's petition showing such fact was subject to the defendants' general demurrer addressed thereto, and in support of such contention they cite Uvalde Rock · Asphalt Co. v. Lyons (Tex. Civ. App.) 289 S. W. 202; Scanlan v. Bitulithic Co. (Tex. Com. App.) 44 S. W.(2d) 967, 80 A. L. R. 852, and other cases.

In the cases cited the provisions in the city charters for proportionate assessments of property owners did not authorize lump sum paving assessment against property owned jointly by several persons, and therefore the courts, in disposing of those cases, held that no such lump sum assessment was valid. But all those cases were cases predicated upon certificates issued prior to the passage of the act of the first called session of the Fortieth Legislature of 1927 (Acts 1st Called Session of 40th Legislature, c. 106, p. 489 [Vernon's Ann. Civ. St. art. 1105b, §§ 1–14]), which, among other things, provides by its section 11 that incorporated cities, towns, and villages may for certain improvements, such as paving streets, make assessments against property owned jointly by one or more persons, firms, or corporations, and that such property may be assessed jointly.

■ We conclude that the joint assessment made in the present case was a valid assessment, and that, if there be no showing that the property was the homestead of W. W. Smithey and wife at the time such assessment was made, the plaintiff (appellant here) is entitled to have judgment personally against W. W. Smithey upon the certificate sued upon, and a foreclosure of his statutory lien as against both Mr. and Mrs. Smithey.

However, from the judgment it appears that the trial court rendered it upon the theory advanced by appellees; that is, the certificate was invalid and unenforceable because upon a joint assessment of the property owned by two or more persons, and thereby leaving appellees under the impression that it was not incumbent upon them to show that the property was their homestead to entitle them to a judgment in their favor. It seems that the issue as to whether or not the property was in fact such homestead was not fully developed; therefore we deem it advisable to reverse the judgment and remand the cause upon that issue, and it is accordingly so ordered.

Reversed and remanded.