## LINDSLEY et al. v. LEWIS et al.
### No. 7900; Motion No. 7711.

Court of Civil Appeals of Texas. Austin.
Jan. 10, 1934.

Rehearing Granted Nov. 27, 1935.

Rehearing Modified Dec. 18, 1935.

**414**

See, also (Tex.Sup.) 84 S.W.(2d) 994.

J. B. Dibrell, Jr., of Coleman, for appellants.

W. Marcus Weatherred, of Coleman, for appellees.

McCLENDON, Chief Justice.

Suit upon a paving certificate. The assessment was against a number of joint owners of the property upon which the assessment was levied. The suit was for personal judgment, jointly and severally, against the several joint owners, and to foreclose a paving lien on the property. The trial court sustained a special exception to the petition, urging that the assessment was invalid because it was for a lump sum and upon the entire interest of all the owners; whereas, both as to the personal liability and as to the lien, the assessment should have been made against each owner and each owner's interest for his proportion of the liability.

Plaintiff declined to amend, and the suit was dismissed. The appeal is by the plaintiff from this judgment; and the only question presented is the correctness of the trial court's ruling in this regard.

The appeal is ruled by the decision in the following cases (tabulated chronologically): City of Paris v. Tucker, 101 Tex. 99, 104 S.W. 1046 (Chief Justice Gaines writing in 1907); City of Dallas v. Atkins, 110 Tex. 627, 223 S.W. 170, 171 (Associate Justice Greenwood writing in 1920); Uvalde Rock Asphalt Co. v. Lyons (Tex. Civ.App.) 289 S.W. 202 (by the San Antonio court in 1926), error refused; City of Mexia v. Montgomery (Tex.Civ.App.) 7 S.W.(2d) 594 (by the Waco court in 1928), error refused; Johnson v. Lindsay (Tex.Civ.App.) 30 S.W.(2d) 655 (by the Fort Worth court in 1930), error dismissed; Scanlan v. Gulf Bitulithic Co., 44 S.W.(2d) 967, 80 A.L.R. 852 (by the Commission of Appeals in 1932; the Supreme Court approving the holdings, but not adopting the opinion)—unless that portion of section 11, of article 1105b, R.C. S., passed in 1927, 40th Leg., 1st C.S., p. 489, c. 106 (Vernon's Ann.Civ.St. art. 1105b, § 11), which provides that "proper-ty owned jointly by one or more persons, firms or corporations, may be assessed jointly," takes the case out of the announced rule.

Contra (predicated upon the above-quoted article): Scanlan v. Continental Investment Co. and Shambaugh v. Smithey (Tex.Civ.App.) 59 S.W.(2d) 189, cases by the Galveston court now pending in the Supreme Court [Scanlon v. Continental Investment Co., 87 S.W.(2d) 476; Smithey v. Shambaugh, 88 S.W.(2d) 475], the former (opinion not published) upon certified questions, and the latter upon writ of error granted.

In view of the state of the authorities, we will briefly review them:

The holding in Paris v. Tucker was to the effect that, "where there are several defendants to a proceeding to condemn property for public purposes the assessment of damages and judgment should determine the rights of each defendant therein." In that case (condemnation) there was a lump sum assessment of damages, and the money deposited in bank subject to the order of all the joint owners. Payment to the attorney for one of the joint owners was refused, unless he would sign for the other joint owners, which he declined to do, as he did not represent them. The Supreme Court held that "the award should have determined separately the amount to which each party was entitled, so that each one could be paid his part."

In Elmendorf v. San Antonio (Tex.Civ. App.) 223 S.W. 631, a lump sum assessment was upheld; a distinction being drawn between assessments and condemnation proceedings. The decision in that case was reversed in a Commission opinion (242 S.W. 185), but upon entirely different grounds; this point not being alluded to. The opinion of the Court of Civil Appeals in the Elmendorf Case was rendered on June 2, 1920, twenty days prior to the decision in Dallas v. Atkins. Rehearing in the Elmendorf Case was overruled six days after the decision in the Atkins Case; no reference being made to the latter in the rehearing opinion.

In the Atkins Case the Supreme Court's holding is embodied in the following quotation: "Where several persons jointly own property, and an assessment is made against them as such owners to meet part of the cost of a street improvement, it is essential to separate the amount of the

liability of each owner. City of Paris v. Tucker, 101 Tex. 99, 104 S.W. 1046.''

In the Uvalde-Lyons Case (error refused), it was held that a lump sum assessment against joint owners was invalid upon the express holding that it constituted a taking of property without due process of law; therefore the Legislature was without power to grant such authority to municipalities.

That decision arose, as here, in an appeal from a judgment of dismissal after a demurrer to the petition was sustained, predicated upon the same ground as here urged.

That decision was followed in the Mexia-Montgomery Case, in which writ of error was also refused, and in the Johnson-Lindsay Case, in which application for writ of error was dismissed.

The holding in the Scanlan-Gulf Bitulithic Case, by the Commission, which followed Dallas v. Atkins, is predicated upon the proposition that the charter there involved was not substantially different from that involved in the Atkins Case, and therefore there was nothing in the charter to warrant a lump sum assessment. The Commission opinion was not adopted.

In the two Galveston cases, supra, the lump sum assessment was upheld under the above-quoted portion of section 11 of the 1927 act. As stated in the Shambaugh opinion, all of the decisions to the contrary were predicated upon certificates issued prior to the passage of that act, none of which refers to that act.

While the Atkins Case arose under a condemnation proceeding, the portion of the ordinance involved was that assessing the benefits against abutting property owners; and, while it is true as stated in the Scanlan-Gulf Bitulithic Case, that the ordinance there involved was not different from the ordinance involved in the Atkins Case, the holding in the latter, in so far as the opinion of the Supreme Court shows, was not predicated upon the terms of the ordinance. The above quotation constitutes the entire reference made in the opinion to this question, and it purports to announce a general rule applicable to all assessment cases.

The refusal of the writ of error in the Uvalde-Lyons Case, expressly predicated upon the stated constitutional ground, and the refusal of writ of error in the Mexia-Montgomery Case, which expressly followed the holding in the Uvalde-Lyons Case, cannot, we think, be interpreted other than as express sanction by the Supreme Court of this holding. We feel bound by the authority of these decisions, regardless of what our views might be were the question one of first impression.

In so far as personal liability is concerned, we think the soundness of the holding in the Uvalde-Lyons Case cannot be questioned. We hardly see how a personal obligation can be properly fixed against an owner of only a fractional portion of the property for the benefit accruing to the entire property.

In so far as the lien is concerned, the authorities in other states are not uniform. See note, 80 A.L.R. p. 862 et seq.

As regards ad valorem taxes generally, we quote the following from 61 C.J. § 785, p. 637: "Except in some jurisdictions, the property need not, and, except in some jurisdictions, may not, be assessed to the co-tenants separately according to their undivided interests or aliquot parts representing such interest." See, also, 26 R.C. L., § 318, pp. 360, 361.

So far as we have been able to discover, this question has not been specifically passed upon in this state. It is a matter of common practice, however, to make joint assessments, the validity of which no doubt follows from the generally recognized right of a cotenant paying taxes upon the joint property to exact contribution, which right is secured by a lien upon his cotenants' interest in the property. See Elmendorf v. San Antonio (Tex.Civ.App.) 223 S.W. 631.

However this may be as regards ad valorem taxes, we consider the question foreclosed as above stated as regards special assessments, the right to exact which is predicated upon actual benefits accruing to the specific property.

The trial court's judgment is affirmed.

Affirmed.

On Appellants' Motion for Rehearing.

We have delayed acting upon this motion, pending a decision by the Supreme Court in the two cases from the Galveston court referred to in our original opinion. Scanlan v. Continental Investment Co. (opinion not yet published), and Shambaugh v. Smithey (Tex.Civ.App.) 59 S.W. (2d) 189. Opinions in those cases have now been handed down by the Supreme

Court. Scanlan v. Continental Investment Co., 87 S.W.(2d) 476; Smithey v. Shambaugh, 88 S.W.(2d) 475.

The Shambaugh Case is on all fours with the instant case, in that there, as here, the city was incorporated under the general laws. The Supreme Court affirmed the Court of Civil Appeals' judgment predicated upon the holding that that portion of section 11 of chapter 106, p. 489, Laws 40th Leg. 1st C.S. (Vernon's Ann.Civ.St. art. 1105b, § 11), which provides that "property owned jointly by one or more persons, firms or corporations, may be assessed jointly," is valid. The gist of the opinion is contained in the following quotation: "Thus it reasonably appears that the Legislature in enacting the clause under consideration in the terms it did, was dealing with tenancies in common, and meant for the assessment there prescribed to impose on the joint owners a liability of a nature corresponding to their rights in the property, namely, a joint and several liability. This being the case, there is no reason to say that the statutory clause in question violates either of the provisions of the Constitution mentioned, for in such a case, any joint owner, upon being compelled to pay the whole debt charged against the common property, may enforce contribution from the other joint owners, and for that purpose he becomes subrogated to the lien held by the creditor, together with all the rights and priorities appertaining to such lien. 11 Tex.Jur. p. 470; 25 C.L., p. 1365; 7 R.C.L., p. 873; 62 C.J., p. 489."

Upon the authority of that decision, our former judgment is set aside, the trial court's judgment is reversed, and the cause remanded.

Motion granted, judgment reversed, and cause remanded.

### Modifying Opinion on Rehearing.

Since our opinion on rehearing was handed down (November 27, 1935), the Supreme Court, on December 11, 1935, withdrew its opinion in the Shambaugh Case and filed a substitute opinion, Smithey v. Shambaugh, 88 S.W.(2d) 475, 476, modifying its holding regarding the extent of liability of cotenants upon joint assessments for street improvements, but adhering to its previous decision upholding the validity of section 11, c. 106, p. 489, Laws 40th Leg., 1st C.S. (Vernon's Ann. Civ.St. art. 1105b, § 11), authorizing joint assessments.

While this modification calls for no change in our judgment of November 27, 1935, we think it proper that our opinion of that date be modified so as to substitute for the quotation therein from the withdrawn opinion in the Shambaugh Case the following quotation from the substitute opinion in that case: "In the light of these provisions, and of the character of cotenancy involved in the particular clause of section 11 under consideration, it becomes reasonably clear that the Legislature intended that the joint assessment provided in this cause shall have effect to charge the undivided interest of each cotenant in the common property with a proportionate amount of the assessment, and to impose on the cotenant a corresponding personal liability. Neither of said provisions of the Constitution is offended, for the reason that personal liability in each instance is in accordance with benefits accruing to the cotenant, and extends no further than the amount he justly owes. The charge against his property is commensurate with his personal liability. He has the right to discharge the assessment lien from his undivided interest in the common property by paying his portion of the assessment. Ronkendorff v. Taylor's Lessee, 4 Pet. 349, 7 L.Ed. 882; Payne v. Danley, 18 Ark. 441, 68 Am.Dec. 187; City of New London v. Miller, 60 Conn. 112, 22 A. 499; Curtiss v. Inhabitants of Sheffield, 213 Mass. 239, 100 N.E. 365, 50 L.R.A.(N.S.) 402, Ann.Cas. 1914A, 564; People v. McEwen, 23 Cal. 54."

It is so ordered.

Opinion modified.