### CITY OF PARIS v. O. N. TUCKER.

No. 1727.  Decided November 6, 1907.

**1.—City Charter—Evidence—Judicial Notice.**

In the absence of a provision in a special city charter requiring the courts
to take judicial notice of it, the charter must be introduced in evidence to
enable the courts to take cognizance of its provisions and determine rights de-
pendent thereon.   (P. 100.)

**2.—Condemnation—Tenants in Common.**

Where there are several defendants to a proceeding to condemn property
for public purposes the assessment of damages and judgment should determine
the rights of each defendant therein.   (Pp. 100, 101.)

**3.—Condemnation by City—Mayor—Constitution.**

A city charter which provides for condemnation of private property by
proceedings in which the mayor acts for the city in selecting appraisers of the
damage and also presides over the appraisers and instructs them upon all ques-
tions of law arising, is unconstitutional in failing to provide an impartial tri-
bunal.   (Pp. 101, 102.)

Error to the Court of Civil Appeals for the Fifth District, in an
appeal from Lamar County.

Tucker sued the city, and on his appeal from a judgment for

defendant it was reversed and the cause remanded. The city obtained writ of error on the ground that the rulings settled the case.

*Edgar Wright,* for plaintiff in error.—The court erred in holding section 32 of chapter 14 of the Special Laws of 1889, incorporating the city of Paris and providing for the condemnation of land for streets, water mains, etc., by said city "violative of the Constitution in that it permits a citizen to be deprived of his property without due process of law." Cooley's Const. Lim. (7th ed.), 591, 592; City of Dallas v. Peacock, 89 Texas, 63; City of Minneapolis v. Wilkins, 30 Minn., 140; Crane v. Camp, 12 Conn., 464; People v. Board of Trustees, 65 Hun, 620; Buffalo B. B. & C. Ry. Co. v. Ferris, 26 Texas, 599; Travis County v. Trogden, 88 Texas, 308; Mutual L. Ins. Co. v. Blodgett, 8 Texas Civ. App., 52; Johnson v. State, 31 Texas Cr. Rep., 462; Sanchez v. State, 46 S. W. Rep., 249.

*D. K. Fooshee,* for defendant in error.—A deposit in money for the amount of an award made by appraisers in a bank and a refusal to pay to the injured person is not adequate compensation, or the legal tender of an award made. Const. of Texas, art. 1, sec. 17; 26 Texas, 588; 80 Texas, 172.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This suit was brought by O. N. Tucker to enjoin the city of Paris from laying a water pipe line across his premises, to recover damages for the trespass and also to recover damages for an alleged unlawful arrest which grew out of the same matter. The city answered claiming, among other things, that it had caused the property to be condemned in accordance with the provisions of the city charter and set out the provisions upon which it relied, but without copying the section of the charter which prescribes the procedure. There was a verdict and judgment for the city in the trial court, which upon appeal was reversed by the Court of Civil Appeals and the cause was remanded.

The case involves the question of the validity of the provisions of the city charter upon which it relies for a justification of its acts and hence we have jurisdiction.

The charter of the city of Paris in force when the proceedings in the case were had is a special law and we have been unable to find any provision in it which authorizes the court to take judicial notice of it as a general law. The section of the charter which is claimed to be unconstitutional was not offered in evidence as should have been done. It is copied in the opinion of the Court of Civil Appeals from which it is to be presumed that they treated it as if it contained a provision authorizing the courts to take judicial notice of it.

We do not see how we can reverse the case on the ground that the provision of the charter under which the land was sought to be condemned is unconstitutional when it was not offered in evidence and we are not authorized to take knowledge of it judicially.

But we think we must reverse the judgment upon another assignment of appellant in the Court of Civil Appeals. Tucker assigned

in that court that he has never been paid or tendered the award for the land. He and his children were made parties defendant in the condemnation proceedings and the value of the land and damages was assessed at $100 as a whole. There was no finding to show how much of this sum he was individually entitled to. The money was placed in bank and the parties notified that it was there subject to their order. He sent his attorney to collect the money and the bank refused to pay it to the attorney unless he would give a receipt for all the parties. This the attorney declined to do, because he had no right to sign for any one except defendant in error. We think the award should have determined separately the amount to which each party was entitled, so that each one could be paid his part. If all had seen proper to sign for the money the award may have been good; but we fail to see how an award of a lump sum to several defendants can be a compliance with the law, when each one is entitled to his individual damage assessed. The city did not pay, because all the award was not receipted for; and the defendant in error did not receive his for the reason that he did not know what proportion of the fund belonged to him and therefore could not receipt for it. Until the latter fact is determined we can not see how it can be said that the money was tendered him. Since the award in this case was incapable of enforcement and since no money has been paid or tendered we think the title to the land did not pass by the proceeding and that therefore the judgment should be reversed and the cause remanded.

Since the case is to go back for a new trial and since the Court of Civil Appeals have copied in their opinion the section of the Charter which they held unconstitutional, we deem it not improper to express briefly our views upon the question. We do not agree with the Court of Civil Appeals that it was fatal to the act that the city marshal was empowered to summon twelve disinterested freeholders from which six were to be chosen to act as appraisers. It is a mere ministerial act; and in discharge of the duty devolved upon him although he is an officer of the city it is not to be presumed that he will act otherwise than fairly and impartially. But as to that provision which empowers the mayor to preside over the appraisers and "to instruct them upon all questions of law arising" we think different. This is clearly a judicial function. In the first place he is to act for the city in selection of the appraisers—then he is to preside and decide questions of law. This looks very much like making the mayor attorney and judge in the same case—and in a case in which as an officer of the city taking an active part in condemning the property he must be presumed to be interested adversely to the owner. The owners can not be deprived of their property without an assessment of damages by an impartial tribunal. In Paul v. Detroit (32 Mich., 108) a section of the city charter provided that "the city attorney shall give said jury (meaning a jury empaneled to assess the damages in a condemnation proceeding) legal advice and counsel concerning their duties whenever requested," and this provision was held fatal to the law. We think the provision in the

section 32 of the charter of the city of Paris equally fatal to its validity on constitutional grounds.

The action of the Court of Civil Appeals in reversing the judgment and remanding the cause is affirmed.

*Affirmed, cause reversed and remanded.*