## ARNOLD v. FORT WORTH & D. S. P. RY. CO. (No. 3034.)

Court of Civil Appeals of Texas. Amarillo. June 27, 1928.

**1. Trial ☞21—Every litigant is entitled to be heard by counsel of own selection, and denial of this right, resulting in ex parte judgment against him, is "fundamental error."**

Every litigant is entitled to be heard in court by counsel of his own selection, and the unwarranted denial of this valuable right is "fundamental error," where litigant without negligence or default on his part is deprived of such right and an ex parte judgment has been rendered against him.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fundamental Error.]

**2. Trial ☞21—Landowner's attorney held justified in believing condemnation proceeding would not be tried until he heard further from railroad's attorney respecting compromise.**

Where landowner's attorney, when asked about fixing date for trial of railroad's condemnation proceeding, suggested that railroad's attorney find out if compromise could be arranged, and railroad's attorney suggested that

landowner's attorney write his client respecting matter, which was agreed to by them, belief of landowner's attorney that case would not be set or tried until he heard further from railroad's attorney was not unreasonable.

**3. Attorney and client ⊕⇒62—That attorney for one owner assumed to conduct condemnation trial for all owners held not to defeat other's right to be represented by own attorney.**

That attorney for owner of life estate assumed to conduct case for all defendants on trial of railroad's condemnation proceeding *held* not to defeat right of owner of fee to be represented at trial by attorney of his own selection.

**4. Eminent domain ⊕⇒157—Lump award to defendants claiming separate estates in land condemned held erroneous.**

In condemnation proceedings by railroad, lump sum award to owners of life estate and of fee-simple estate was erroneous, since each party is entitled to definite compensation for the interest claimed by him.

Appeal from Briscoe County Court; O. T. Tipps, Judge.

Condemnation proceeding by the Fort Worth & Denver South Plains Railway Company against Tom C. Arnold and others. From the judgment of the county court on appeal from award of special commissioners, named defendant appeals. Reversed and remanded for new trial.

Joiner & Cook, of Plainview, for appellant. J. E. Daniel and Ernest Tibbets, both of Silverton, for appellees.

RANDOLPH, J. This proceeding was instituted by appellee by the filing of its petition with O. R. Tipps, county judge of Briscoe county, praying for the appointment of special commissioners to assess the value of certain lands sought to be condemned for the uses and purposes of the appellee, a railway corporation.

In the petition, the land sought to be condemned was described, and the petition contained the allegations necessary to show the right to condemn. The county judge appointed three commissioners who were duly sworn, and who proceeded, after a hearing, to assess the damages for the land taken and also damages to the residue of the land not taken, and awarded a lump sum of $3,000 in favor of Tom C. Arnold, appellant, and J. M. Arnold. Appeal was then taken to the county court from the award of the commissioners by the Arnolds, and the questions presented by this appeal involve the judgment of the county court, as stated below.

The case was tried before a jury, and the county court rendered judgment in favor of the Arnolds in the sum of $1,305 for the value of the land actually taken and for $550 damages to the land not taken. From this judgment, Tom C. Arnold has appealed to this court.

The two questions presented on this appeal are: First, that the judgment in the county court was rendered in the absence of said Arnold and his counsel and without notice to them; and, second, that the judgment failed to apportion the damages between J. M. Arnold, who owned the life estate, and Tom C. Arnold, owner of the "fee-simple title."

The facts upon which the first contention is based are as follows:

After the appointment of the commissioners, in lieu of the notice given to them under the statute, two separate waivers were filed by the Arnolds, one signed by C. D. Wright, attorney for J. M. Arnold, and the other signed by R. C. Joiner, attorney for Tom C. Arnold. When the commissioners made their award, the defendants filed their written objections to same on the ground that such damages were insufficient and do not compensate the defendants for the lands and damages. This objection was signed: "Tom C. Arnold and J. M. Arnold, by C. D. Wright and Joiner and Cook, Attorneys."

On the appeal to the county court, trial was had and judgment rendered, as stated.

The occurrences leading up to and at the time of the trial are related at length in the affidavit filed in connection with the motion for new trial, and in the evidence taken at the time of the hearing of the motion.

R. C. Joiner, in his affidavit, testifies as follows:

"I am the senior member of the firm of Joiner & Cook, of Plainview, Texas, and was employed by Tom C. Arnold, who resides at Mt. Enterprise, Tex., to represent him in the above styled and numbered cause, and did represent him in the matter before the special commissioners, and as his attorney filed objection to the award and perfected the appeal to the county court of Briscoe county, Tex., and was representing him on said appeal, as his only representative. That just prior to the convening of said county court, Judge Tibbets, one of the attorneys for plaintiff, came to my office in Plainview, Tex., and asked me about fixing a date for the trial of the case in county court. I told him that the district court would be in session on the same date as that of the county court in Briscoe county, and that we had cases for the first week and felt certain that one certain cause would be set for the second week, and Judge Tibbets stated that it looked like the Arnold case would have to be passed until some time in the third week, to which I made the statement, 'Why make any setting at all; can't we settle this on the basis of the award net to Arnold?' Judge Tibbets said he believed that his client would be willing to pay the $3,000 and costs. To this I stated that my client would owe as a balance of fee $100, and if he would agree to pay this amount in addition to the costs and the $3,000 that I felt certain that the case could be settled, and

Judge Tibbets stated that Mr. Bain was the main one that he would have to see, as he was managing the affairs of the committee. I then said for him to see Mr. Bain and his clients and let me know, and, in case no settlement was had, that we would fix a date for the trial. I did not know of any setting of case, and was awaiting for word from Judge Tibbets as to the outcome of the proposition of settlement, and since the railway company had already taken possession of the land, I did not know that any one was wanting to rush the trial, and was very much surprised when I received word that a trial had been had and that I was not informed of the setting. And in less than one hour and thirty minutes, I was in Silverton making inquiry as to the procedure. Had I known of the setting of this case I would have been on hand and looked after the interest of my client, and the only reason I was not present was because of the fact that I was waiting to hear from Judge Tibbets concerning the agreement of settlement."

C. D. Wright, one of the attorneys, testified by affidavit as follows:

"My name is C. D. Wright. I am one of the attorneys of record in this cause. I was here in court on the 21st day of November, 1927, when the court called the docket, and agreed in open court to the setting of this cause on Tuesday, December 6, 1927, which was Tuesday of the third week of court. On Tuesday, December 6, 1927, when the court called this cause for trial, I announced ready for trial for the defendants. I defended and presented all the issues for all defendants to the best of my ability. In order to secure the opening and closing of the introducing of evidence and the argument, I made the admission required by rule 31. One of the plaintiff's attorneys asked that it be written and filed, and the court ordered the court to stand at ease, while this matter was discussed, and finally the court ruled that the admission must be filed at once or the request for the opening and closing would not be allowed. In the interests of time, I asked that the court make a notation on the docket, and that I would file it later, as of the date it was supposed to be filed. He accordingly, under my direction, made the following notation on the docket: '12/6/1927. Defendants filed admission under rule 31, assuming burden of proof and evidence, admitting cause of action, lawful proceedings and entry, and being allowed to open and close.'

"I did not limit the admission to any one of the defendants, and I am sure that the attorneys and the court understood it was to be for all the defendants. I represented the defendants all together, because their interests in the trial were not capable of division, or they were such that you could not present one without the other. I was present and helped dictate the charge, and made no objections thereto."

Cross-examination:

"No; I was never employed by Tom C. Arnold."

C. D. Wright also testified, on the hearing of the motion for a new trial, as follows:

"My name is C. D. Wright, and I live in Silverton, Tex., and am an attorney, and as such attorney was employed by J. M. Arnold to represent him, and was to look after the interests of the tenants, W. V. Hooper, B. F. Hooper, and A. L. Hooper, and as such attorney entered a waiver of service for them and represented them in the trial before the commissioners and also on the trial in the county court, but at no time have I represented Tom C. Arnold in the above cause, and at no time have I been employed by Tom C. Arnold or authorized by him to in any way represent him in the trial of the above-styled case, and I further state that the said Tom C. Arnold was not represented by attorney on the trial of this case in the county court on December 6, 1927."

Ernest Tibbets testified as follows:

"On Friday, Nov. 18, 1927, before county court herein, Briscoe county, convened on Nov. 21st, I was in Plainview and went to Judge Joiner's office to discuss with him the setting of the Arnold-Railroad case that was on the Briscoe county court docket. I suggested Tuesday of the second week of the court. Judge Joiner, with reference thereto, stated that he would be busy in some cases in an adjoining county that week. I then suggested Tuesday of the third week, or any date during said week that would be agreeable to himself and Judge Kirk, the latter also being one of plaintiff's attorneys in the case. Judge agreed that, so far as he then knew, Tuesday of the third week would be satisfactory. Judge Joiner and myself then discussed the matter of compromise, both expressing the hope that a satisfactory compromise might be effected. Judge Joiner suggested that I talk to my railroad committee and see just what could be done in that connection. This I agreed to do; I suggested that he again write his client, Mr. Tom C. Arnold, with reference to the same matter. I further remarked that by setting the case on Tuesday of the third week that we would have ample time to see whether or not a compromise could be effected. I did not agree to write or communicate with Judge Joiner as to the attitude of my committee with reference to a compromise, nor did Mr. Joiner agree to write or communicate with me with reference to his client's attitude thereto. On the following Monday morning, November 21st, in open court when the docket was called, I stated to the court in the presence of the other attorneys in the case (Judge Wright, one of the defendant's attorneys, being present) that I had talked to Judge Joiner and that he and I had agreed upon Tuesday of the third week. The court then asked if that date would be agreeable to the rest of the attorneys. No objections being made, the case was accordingly set for Tuesday of the third week. On Monday morning before the case was called and tried on Tuesday of the third week, I called Judge W. W. Kirk, and about noon located him at Tulia, Tex. I told him that the Arnold-Railroad case was set for 'in the morning.' Mr. Kirk stated that he would be here. Mr. Kirk further stated in this telephone conversation that Judge Joiner was also in Tulia, that he would see him, and that it was possible they would come over that evening, Monday evening, preceding the calling of the case on Tuesday morning. On Tuesday morning about 8 o'clock, before the case was called at 10 o'clock, Judge

Kirk called me and told me that he was sick and that it was impossible for him to be here. I asked him if he had seen Judge Joiner. He replied that 'he got away,' and he did not get to see him.

"On Tuesday morning, December 6, 1927, at about 10:30 o'clock, when the case of the Ft. Worth & Denver South-Plains Railway Company v. Tom C. Arnold et al. was called, I announced ready for the plaintiff, and Judge C. D. Wright, one of the attorneys of record for the defendants, announced ready for the defendants."

The trial court's judgment recites "that the attorneys for all parties announced ready for trial."

There is no question of misconduct of attorneys or of the violation of professional ethics on the part of the attorneys for the appellee involved in the questions before us. The facts recited involve only the reasonableness of the claim of the attorney for appellant that he was misled, by the conversation at Plainview, between himself and Judge Tibbets, into believing that the case would not be set or tried until he had heard further from the appellant's attorneys.

[1] Every litigant is entitled to be heard in court by counsel of his own selection, and this right is a valuable one, and the unwarranted denial of this right is held to be fundamental error, where such litigant, without negligence or default on his part, is deprived of such right and an ex parte judgment has been rendered against him. Farmers' Gas Co. v. Calame (Tex. Civ. App.) 262 S. W. 546; Cragin v. Henderson County Oil Development Co. (Tex. Civ. App.) 270 S. W. 202, 205; Metts v. Waits (Tex. Civ. App.) 286 S. W. 923.

[2] The appellee's counsel insists that as he did not agree to write Judge Joiner, or in any manner indicate to him that he would notify him of the result of the promised communication to his clients as to the proposed compromise; that he was under no legal or moral obligation to notify him of the setting of the case for trial. This may be true from the standpoint of such attorney and yet not be true from the standpoint of appellant's attorney. Judge Tibbets, in his talk with Joiner, had the matter presented to him by Joiner, who suggested that he talk with his railroad committee to see if a satisfactory compromise could be arranged, and Tibbets says he suggested that Joiner write his client with reference to the matter. Joiner testifies that he expected to hear from Tibbets as to the proposed settlement, and that a date for the trial of the case would then be set, if no settlement could be arranged.

We do not think that it was unreasonable for Joiner to expect a reply to his proposition of settlement. Certainly, to our mind, when Tibbets agreed to see his clients about the settlement, the implication is very clear that after seeing them he would write Joiner the result of his talk with his clients, notwithstanding he made no specific promise so to do; at least that construction by Joiner is warranted.

[3] The fact that C. D. Wright assumed to conduct the case for all the defendants on the trial does not alter the fact that Tom Arnold had no attorney of his own selection to represent him. Wright had no authority to bind Tom C. Arnold by his conduct of the case for all parties.

The Arnolds were awarded $3,000 by the commissioners. On appeal, they recovered judgment for something like $1,200 less than that amount, which authorizes the presumption that injury was inflicted by the absence of Tom Arnold's attorney.

[4] The fact that the jury and court made no finding upon the value of the life estate belonging to J. M. Arnold and the "fee-simple estate" owned by Tom C. Arnold, rendered the trial court's judgment subject to the objection made. The appellee, in its petition for condemnation of the land for its use, alleges specifically as to the ownership of the land: "Which said tract of land herein described is owned in fee simple by the defendant, Tom C. Arnold; that the said J. M. Arnold has a life estate in said land. * * *"

A lump sum awarded to several defendants who are claiming separate and independent estates in land is erroneous, as each party is entitled to definite compensation for the interest claimed by him. City of Paris v. Tucker, 101 Tex. 99, 104 S. W. 1046; Rabb v. La Feria Mutual Canal Co., 62 Tex. Civ. App. 24, 130 S. W. 920 (writ denied).

Because of the errors indicated, the judgment of the trial court is reversed, and the case is remanded to that court for a new trial.