## WALSWORTH et al. v. SAN ANTONIO & A. P. RY. CO. (No. 7993.)

Court of Civil Appeals of Texas. San Antonio. Oct. 3, 1928.

Rehearing Denied Oct. 31, 1928.

Rabel, Napier & Fristoe, of Harlingen, for plaintiffs in error.

Seabury, George & Taylor, of Brownsville, for defendant in error.

SMITH, J. This appeal grew out of proceedings by defendant in error railway company to condemn 2.35 acres of land owned by plaintiffs in error, in Cameron county, and desired by defendant in error for right of way purposes. An award was made by special commissioners appointed by the county judge, and the landowners, being dissatisfied, prosecuted an appeal to the county court. The cause was tried by jury in the latter court, and the landowners, being still dissatisfied, have prosecuted this writ of error.

The cause was tried in the court below upon an agreed statement of facts, and submitted to the jury upon an agreed special issue. Copies of the statements, or pleadings, notices, awards, and all other papers filed, issued, and returned in the condemnation proceedings, were set out in full in the agreed statement of facts, showing that they were on file in the trial court, among the papers in this cause, at the time of the trial, although they were not manually tendered or delivered into the hands of the trial judge as evidence. "But it was stated in open court by (the railway company's) attorneys that their legal sufficiency to give the court jurisdiction of the case was one of law for the court and that they were before the court for that purpose, to which counsel for the defendants objected on the ground that it was

necessary to prove the facts to give the court jurisdiction, whereupon counsel for plaintiff insisted that the construction of the papers on file was before the court in order to give the court jurisdiction was a matter of interpretation by the court and not an issue with the jury. And thereupon the case proceeded to trial and no issue was asked to be submitted to the jury other than the one contained in the judgment, and the cause was submitted on said special issue at the request of plaintiff and upon the agreement of both parties by parol charge."

■ Now, plaintiffs in error contend, in their only assignment of error, that because those papers were not manually delivered into the hands of the trial judge at the time, they could not be considered by him as evidence, and that as such evidence was necessary to show jurisdiction in that court, there was a failure to show jurisdiction to try the cause or render the judgment appealed from. We overrule the assignment of error. The fact of the presence of the papers in the files was called to the attention of the trial court in such manner as to amount to their introduction in evidence, and it is obvious from the record that the court regarded them as having been offered in evidence, and considered them accordingly.

■ It does not appear that, when the original award was made to plaintiffs in error by the special commissioners, the railway company paid over the award to the landowners or deposited the amount thereof, or any amount, as contemplated by law. But when the matter was tried and an award was made on appeal in the county court, in June, 1927, the railway company deposited the amount of the award with the county clerk. In the meantime, on February 2, 1927, the railway company took, and thereafter retained, possession of the condemned land. Plaintiffs in error seem to make the contention that the whole proceeding is void because of the failure of the railway company to make the deposit in response to the original award, and before taking the property, in view of the constitutional inhibition against the taking of private property for public purposes without first compensating the property owner therefor. We think, however, that when the landowner permitted the railway company to take possession of the property and appropriate it to the uses for which it was condemned, he thereby waived his right to demand compensation in advance of the taking, and the proceedings are not void on that account. Lewis, Em. Dom. (2d Ed.) § 454; Randolph, Em. Dom. § 388; Houston & T. C. Ry. v. McKinney, 55 Tex. 176; Reitzer v. Medina Co. (Tex. Civ. App.) 153 S. W. 380; Morris v. Coleman Co. (Tex. Civ. App.) 28 S. W. 380; Powell v. Carson Co., 62 Tex. Civ. App. 197, 131 S. W. 235.

■ This proceeding was had against F. D. Walsworth, W. G. Roth, and Nettie Roth, jointly, and the final award was made generally in favor of the several owners. No attempt was made in the proceedings to apportion the award among the owners, and the amount was deposited with the county clerk in a lump sum in favor of all the owners, generally. It is agreed by the parties, however:

"That the land in controversy was owned jointly by plaintiffs in error on the dates of the hearing by the special commissioners and on the trial of this cause in the County Court and there was no controversy as to the respective interest of the joint owners of said property and no inherent difficulty in ascertaining the amount due the respective plaintiffs in error by the special commissioners or by the trial court in the trial of this cause."

Plaintiffs in error assert the proposition that it was the duty of the trial court to ascertain the separate interest of the several owners, and apportion the award among those owners according to their respective interests, so ascertained. This proposition must be sustained. If it had appeared that the interests of the several owners were incapable of prompt and accurate ascertainment, or would have entailed a substantial delay in the proceedings, we are of the opinion that the law's demand would have been met by a general award in a lump sum to the several owners or claimants of the land, as was done. Davidson v. Ry., 29 Tex. Civ. App. 54, 67 S. W. 1093; Rabb'v. Canal Co., 62 Tex. Civ. App. 24, 130 S. W. 916. But where there is no difficulty in determining the separate interests of the owners or in apportioning the damages among them, as is agreed to be the case here, it was reversible error to refuse or fail to apportion the damages. City of Paris v. Tucker, 101 Tex. 99, 104 S. W. 1046, and authorities cited above. For this reason the judgment must be reversed, and the cause remanded.

Plaintiffs in error's motion for rehearing will be granted, the former order of affirmance will be set aside, and the opinions thereon withdrawn, and the judgment of the trial court will be reversed, and the cause remanded for another trial.

### On Motion for Rehearing.

■ We adhere to the judgment of reversal as well as the opinion thereon. It is contended by defendant in error that because plaintiff in error joined in an agreement that the only issue to be determined in the case was the amount of the award to be made, plaintiff in error waived the right to complain of the failure to apportion the award among the several owners of the land condemned. It may be true that plaintiff in error would have been precluded by such waiver had the parties been content to submit the appeal upon the original agreement of facts in the case,

because those facts related alone to the single issue submitted to the jury. But defendant in error joined in a supplemental agreement of facts proven upon the trial, which presented evidence raising the issue of apportionment, which should have been determined in the trial court. It appears from that agreement that the plaintiffs in error were "joint" owners of the property condemned, and ordinarily that finding would warrant this court in rendering judgment thereon, without remanding the cause. But it also appears from the record 'that two of the plaintiffs in error are husband and wife, and while it is probable that their interest is one, and joint with their co-owner, yet it does not affirmatively so appear, and we decline to settle the matter. The record in this case is not satisfactory, was loosely made, and has been confused by improvident agreements. It is hoped that the case will be clarified upon another trial.

The motions for rehearing are overruled.