## HARDY et al. v. CITY OF THROCK-MORTON.

### No. 1251.

Court of Civil Appeals of Texas. Eastland.

Aug. 17, 1933.

Rehearing Denied Sept. 15, 1933.

Tom Davis, of Haskell, and Jno. Lee Smith, of Throckmorton, for appellants.

D. T. Boles, of Breckenridge, and T. R. Odell, of Haskell, for appellee.

FUNDERBURK, Justice.

In advance of submission of this cause, H. L. Hardy, one of the appellants, has presented a petition in this court for an injunction. The appeal is from a judgment of the county court of Throckmorton county making the award of the commissioners theretofore duly appointed to assess damages in a condemnation proceedings the final judgment of the county court without a trial de novo; the county court having found and so declared in its judgment that no objections to the award by the owners of the condemned property had been filed with the county judge within the ten days' time prescribed by law. R. S. 1925, article 3266, subd. 7. The petition for injunction makes no claim that the report of the commissioners awarding damages was not filed on September 23, 1932, as found by the court, nor that objections were filed with the county judge within ten days thereafter.

The sole ground upon which the injunction is sought is that the award of the commissioners was and is void because it fails to state the amount of damages awarded to the

petitioner, but, on the contrary, the award was of a lump sum jointly to petitioner and the other owners of interests in the land.

██ The jurisdiction of this court to grant an injunction is limited to the purpose of preserving its jurisdiction as invoked in the appeal of said cause. R. S. 1925, article 1823; Madison v. Martinez (Tex. Civ. App.) 42 S. W.(2d) 84; City of Farmersville v. Texas-Louisiana Power Co. (Tex. Civ. App.) 33 S. W.(2d) 271.

 For all that is asserted in the petition to the contrary, the appealed case comes to this court with an unchallenged finding that the judgment of the court below rests upon the fact that no objections to the award of the commissioners were filed with the county judge within ten days after the report of the commissioners awarding damages was filed. Article 3266, subd. 6, of the Revised Civil Statutes 1925, provides: "If either party be dissatisfied with the decision, such party may within ten days after the same has been filed with the county judge file his objection thereto in writing, setting forth the grounds of his objection, and thereupon the adverse party shall be cited and the cause shall be tried and determined as in other civil causes in the county court." This constitutes the statutory procedure by which, in effect, an appeal may be made from the proceedings before the commissioners to the county court as a court. The proceeding before the commissioners is special. It is of a character analogous to proceedings before the Industrial Accident Board in workmen's compensation cases. When objections are duly and timely filed as prescribed, the jurisdiction of the county court is called into active existence. Jurisdiction of a special proceeding being thereby transferred to a court, there is presented a perfect analogy to the transfer of a compensation claim from the Industrial Accident Board to a court. In one case as well as the other the conditions prescribed are jurisdictional. Objections must be filed with the county judge and within ten days after the award of the commissioners is filed, else the jurisdiction of the county court, as a court, never comes into active existence. Sinclair v. City of Dallas (Tex. Civ. App.) 44 S.W.(2d) 465; Fitzgerald v. City of Dallas (Tex. Civ. App.) 34 S.W.(2d) 682; Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084.

The petition for injunction wholly fails, therefore, to show that the jurisdiction of the county court to correct errors in the award of the commissioners was ever invoked. The county court assumed no such jurisdiction. Hence the appeal involves no question of error of the trial court in that respect.

██ Whether the failure of the award to apportion the damages severally to each of the owners of the land was erroneous, and, if so, whether such error rendered the award absolutely void or only voidable, were questions the county court had jurisdiction to determine had such jurisdiction been properly invoked as the law prescribes. If the award for the reason mentioned, or any other, was only voidable, it would hardly be contended that any question could be presented by the appeal for the determination of this court, which, to preserve its jurisdiction, rendered necessary the granting of the injunction sought. We therefore, without further discussion, pass to a consideration of petitioner's right to the injunction if the award for said reason was void as contradistinguished from voidable. If void, petitioner would, of course, have the right to attack it collaterally. It may not necessarily follow, however, that he would have the right to institute an independent suit to have its invalidity adjudged, especially in the absence of facts showing a good excuse for not having availed himself of his adequate legal remedy of appeal to the county court. Let us assume, without so deciding, that the award was void for the reason asserted. The county court, as a court, never acquired active jurisdiction to so declare. The county judge, or the county court, in adjudging the award of the commissioners to be the judgment of the county court (being the only judgment appealed from), acted. we think, in a ministerial capacity rather than in a strictly judicial capacity. That was the only judgment that he had any jurisdiction to render. If void, we have no more jurisdiction to enjoin its enforcement than any other void judgment, the asserted invalidity of which is not presented to us for determination in a case appealed. It never having been the duty of the county court to determine the validity or invalidity of the award, such question does not come within the scope of our jurisdiction upon appeal.

██ Should we be mistaken in our views as above expressed, and, on the contrary, a proper interpretation of the law should require us to hold that, if the award was void, the county judge, without the county court's jurisdiction having been invoked by the due and timely filing of objections, should nevertheless have taken cognizance of its invalidity, and have refused to make the award of the commissioners the judgment of the county court as the law provides, we would still be of the opinion that the petition for injunction should be denied because we think, if there was any error in the award in the respect of which complaint is made, the effect thereof was to render the award voidable and not void. It was so held in Davidson v. T. & N. O. Ry. Co., 29 Tex. Civ. App. 54, 67 S. W. 1093, 1095. In that case one of the attacks on the judgment was "that the court failed to apportion the sum adjudged between the appellant, his lessee, and the oth-

**1106**

er claimants." Judge Gill's opinion pointed out that the suit was a collateral attack, and designated this along with other complaints of the judgment as "mere irregularities." It was held that, where ownership of the property condemned was necessary to be judicially determined, the damages could be awarded to all the claimants in one sum, since the commissioners would have no jurisdiction to determine any issue of ownership. In the late case of Angier v. Balser (Tex. Civ. App.) 48 S.W.(2d) 668, 671, it was recognized as a general rule "that, 'ordinarily each owner of an interest in land that is sought to be condemned is entitled to have the amount of damages accruing to him awarded to him separately.'" As supporting this general rule, City of Paris v. Tucker, 101 Tex. 99, 104 S. W. 1046, was cited. Two exceptions, however, to this general rule were declared to exist and the proposition fully supported by the authorities cited." The principles governing the rule and its exception are of a nature to show, we think, that no question of jurisdiction is involved, and therefore no question of absolute invalidity. The opinion in City of Paris v. Tucker, supra, seems to us to show that the defect in the award was not a jurisdictional matter. The court said: "If all had seen proper to sign for the money, the award may have been good." This could only mean that in such case the error would have been thereby waived. It is elementary that a jurisdictional matter may not be waived, and independent of an estoppel, that which is absolutely void may not be rendered valid by mere acquiescence. We therefore conclude that under no theory that occurs to us should the injunction be granted, and that therefore the petition must be denied; which is accordingly so ordered.

HICKMAN, C. J., absent and not sitting.

On Motion for Rehearing.

FUNDERBURK, Justice.

Consideration of H. L. Hardy's motion for rehearing has convinced us that we were in error in concluding that the owners of condemned lands are required by R. S. 1925, art. 3266, subd. 6, to file their objections to the award of the commissioners with the county judge. Sinclair v. City of Dallas (Tex. Civ. App.) 44 S.W.(2d) 465, does not so hold. It merely holds that the objections must be filed (omitting to state with whom) within ten days after the award is filed with the county judge. In Fitzgerald v. City of Dallas (Tex. Civ. App.) 34 S.W.(2d) 682, it is stated that the objections are required to be filed with the county judge, but that statement was entirely unnecessary to a decision of the question before the court. While the statute plainly says that the award of the commissioners shall be filed with the county judge, it does not say the objections to the award must be filed with that officer. Good reasons occur to us why the award should be filed with the county judge and the objections with the county clerk. Timely filing of the objections is the initiation of a suit in the county court. It invokes the jurisdiction of the court as such to determine the correctness of the award. It constitutes the authority of the county clerk to issue citations. The filing of the objections to the award is analogous to the filing of the initial pleading by which suits are ordinarily instituted in the county court. It would certainly be out of keeping with the usual practice if the pleading by which the court's jurisdiction is invoked was not required to be a file paper of the custodian of the court's records. On the other hand, as pointed out in the original opinion, unless and until objections are timely filed, the jurisdiction of the county court as such is never invoked. Prior to that time, the judge acts as a special commissioner or agency to carry out the mandate of the statute. It is true, if the objections be not required to be filed with the county judge, he will have to take judicial knowledge of their filing with the clerk in order to know whether objections be or be not filed. But the judge of a court is required to take judicial knowledge of the proceedings in his own court, and the clerk would not, we think, be required to take judicial knowledge of the filing of the papers with the county judge. In such case no means would appear by which the county clerk could know when it was his duty to issue citations. These are the principal considerations upon which we now reach the conclusion that the statute, upon a proper interpretation, requires the objections to become a record of the county court, and, in the absence of the specification for filing with any other officer, should be filed with the county clerk as the custodian of that court's records.

The award of the commissioners was filed with the county judge on September 23, 1929. The objections to the award were filed with the county clerk on October 3, 1929. They were therefore filed within ten days after the filing of the award with the county judge as provided by the statute.

We still adhere to the view that the defect, if any, in the award, rendered it at most voidable and subject to correction in the trial of the case in the county court. We are also of opinion that, whether voidable or void, compliance with the statute (Vernon's Ann. Civ. St. art. 3268) as to making a deposit would authorize entry upon the land pending the disposition of the case on appeal to the courts.

We therefore conclude that the motion for rehearing should be overruled, which is accordingly so ordered.