**Edna Mae BLAYLOCK et al., Appellants,**

v.

**Clara RISER et al., Appellees.**

No. 15863.

Court of Civil Appeals of Texas.

Dallas.

June 23, 1961.

Rehearing Denied July 21, 1961.

Odeneal & Odeneal, Dallas, for appellants.

Clifford S. Dillard, Dallas, for appellees.

WILLIAMS, Justice.

Edna Mae Blaylock and Almeda Anderson (joined by their husbands) filed this suit in the District Court against Clara Riser and Shirley Jean Riser, a minor, seeking to have certain orders and judgments of the County Court at Law No. 1, Dallas County, Texas, declared to be null and void, and asking a partition of certain real estate. Plaintiffs alleged that they were the daughters of Fred Riser, deceased, and Willie Mae Riser, deceased; that their parents acquired legal title to the property in question on June 13, 1923; that their mother died on June 19, 1923; and that their father subsequently married the defendant Clara Riser on or about October 6, 1927. The defendant Shirley Jean Riser, a minor, is the daughter of the defendant Clara Riser and Fred Riser, deceased. Fred Riser died on April 4, 1954, and the defendant Clara Riser occupied the property as a homestead to the date of condemnation. The City of Dallas condemned the property and in Cause No. 1647–A, City of Dallas v. Clara Riser et al., County Court at Law No. 1, Dallas County, Texas, a condemnation award of $8,550 was made. On September 27, 1957 the County Court at Law entered a judgment in which the interest of the respective claimants was determined and ordered partition of the proceeds of the condemnation award. Said judgment ordered certain portions of the award to be reinvested in a new homestead for the surviving widow and minor child, all of which was duly accomplished by various orders of the County Court at Law. Edna Mae Blaylock and Almeda Anderson, being dissatisfied with the orders of the County Court at Law, attempted to appeal said orders to the Court of Civil Appeals for the Fifth Supreme Judicial District of Texas, at Dallas. When that appeal reached this Court on April 17, 1959 (being docketed No. 15,467 and styled Edna Mae Blaylock et vir., appellants v. Clara Riser et al., appellees) a motion to dismiss the appeal was filed by appellees on the grounds that the appellants had not perfected their appeal within proper time. Said motion to dismiss was passed, by order of this Court, to be heard on the merits of the appeal. Both parties submitted briefs and the case was submitted to this Court on February 6, 1959. On February 20, 1959 this Court entered the following order: "Appeal Dismissed. It was the judgment of September 27th, 1957 that fixed the interest of the parties, of which appellants complain. Not having prosecuted the timely appeal from the judgment of such date, same is accordingly dismissed on motion of appellees". Plaintiffs in the District Court alleged that this ruling was not res adjudicata since it was not a ruling on the merits of the appeal. Plaintiffs asked the District Court to declare the orders of the County Court at Law No. 1 to be void and to proceed to properly partition the proceeds of the condemnation award. Defendants answered in the District Court to the effect that the judgment of the County Court at Law No. 1 fixed the interest of the parties in the proceeds in controversy and further that the order of the Court of Civil Appeals was res adjudicata as to the cause of action alleged by plaintiffs. Defendants filed a motion for summary judgment to which plaintiffs filed no answer. Upon hearing, the motion for summary judgment was granted and plaintiffs bring this appeal from such order.

By three points of appeal (the first two points being identical with those presented to the Court of Civil Appeals in Cause No. 15,467, mentioned above), appellants advance two principal contentions: (1) that, as a matter of law, the County Court at Law was without jurisdiction to adjudicate and partition the various interests of the rival claimants to the condemnation award, and said order was therefore void; and (2) that the judgment of the Court of Civil

Appeals in Cause No. 15,467 was not res adjudicata.

There was no issue of fact presented to the trial court on the hearing of this motion for summary judgment. The only thing before the Court was the pleading of the parties, including copies of the various orders of the County Court at Law relating to the condemnation proceedings in that Court and the order of that Court declaring distribution of the funds and ordering a reinvestment of certain portions of the funds as a new homestead for appellees. Also, by agreement, the trial court was furnished the record in Cause No. 15,467 in this Court. The question presented to the trial court was solely one of law, i.e., was the judgments of the County Court at Law valid, and the judgment of this Court, on appeal, res adjudicata of the issues involved. It is to be observed that none of the parties raised any issues as to the regularity of the condemnation proceedings, as such, nor was any objection made as to the amount of the condemnation award.

■ The judgment of the County Court at Law having become final, the principal question presented here is whether such judgment is void and therefore ineffective because of lack of jurisdiction. We are of the opinion that the County Court at Law No. 1, of Dallas County, Texas, was clothed with jurisdiction to enter such judgment and therefore same is not void.

■ The authority of the County Court at Law No. 1, of Dallas County, Texas, is vested perforce the provisions of Arts. 3264–3271, Title 52, Vernon's Ann.Civ. St. By the terms of Title 52 of our statutes complete and detailed authority is given to County Courts in matters of eminent domain. Having acquired jurisdiction generally over the subject matter in controversy, our courts have held that the County Court is vested with judicial power and authority to determine, in the same proceedings, the value of the interest which each condemnee owned in the land condemned, and to apportion among them separately the damages which had been awarded by the commissioners collectively. The case illustrating this rule, and which deals with facts somewhat similar to the case under consideration, is that of White et al. v. City of Waco et al., Tex.Civ.App., 171 S.W.2d 514, 516, writ refused, wherein the court said:

"Since each step taken in the proceedings up to and including the filing of their answer by appellants on August 28, 1941, was in conformity with the requirements of Title 52 of Vernon's Tex.Civ.Stats., we are of the opinion that the County Court properly acquired jurisdiction generally over the matter in controversy, even though the same did involve the present worth of life estates in land and the distribution of a sum of money in excess of $1,000. Gulf Coast Irrigation Co. v. Gary, 118 Tex. 469, 14 S.W. 2d 266, 17 S.W.2d 774; Hill v. City of Bellville, Tex.Civ.App., 30 S.W.2d 407; Vogel v. State, Tex.Civ.App., 50 S.W.2d 348; Cook v. Ochiltree County, Tex.Civ.App., 64 S.W.2d 1018; Houston North Shore R. Co. v. Tyrrell, 128 Tex. 248, 98 S.W.2d 786, 108 A.L.R. 1508. Having acquired jurisdiction generally over the subject matter in controversy, we think the County Court was also vested with judicial power and authority under the express provisions of Title 52 of the statutes to determine in this proceeding the value of the interest which each condemnee owned in the land condemned, and to apportion among them separately the damages which the commissioners had awarded to them collectively. City of Paris v. Tucker, 101 Tex. 99, 104 S.W. 1046; Rabb v. La Feria Mut. Canal Co., 62 Tex.Civ.App. 24, 130 S.W. 916, error denied; Walsworth v. San Antonio & A. P. Ry. Co., Tex.Civ. App., 10 S.W.2d 194; Missouri-Kansas-Texas R. Co. of Texas v. Jones, Tex.Com.App., 24 S.W.2d 366; Hardy

v. City of Throckmorton, Tex.Civ. App., 62 S.W.2d 1104."

 It is settled law that where there is a protest on the part of the homestead survivor, and owners, or even a dispute as to the various residuary ownerships of the ultimate undivided interest ownerships in the property, which might ordinarily affect the ability of the County Court to apportion the proceeds under the ordinary circumstances, nevertheless, where there is a claim of homestead made, as in this case, the County Court has continuing jurisdiction to appoint a trustee and have the proceeds of the homestead reinvested in a new homestead with the order and decree that the same portion of ownership be maintained in the new homestead by all parties in the old homestead property that may have been taken by a condemnor. This rule was established by early decision of our Supreme Court in Lucas v. Lucas, 104 Tex. 636, 143 S.W. 1153, wherein the Supreme Court held that it was not only the right of the County Judge but it was his duty to protect all of the parties interested by authorizing and directing the reinvestment of condemnation funds in another homestead for the benefit of the widow and minor child.

Accordingly, the judgment of the County Court at Law No. 1, of Dallas County, Texas, in this case is not void for lack of jurisdiction.

 Appellants in this case, being aggrieved by the decision of the County Court at Law No. 1, sought to appeal said judgment to this Court. This was their remedy to review the judgment. On appeal to this Court in Cause No. 15,467 the same questions were presented and briefed by both parties as now presented. The matter was submitted to this Court in its entirety and, having considered the same, this Court entered an order dismissing the appeal, as above related. The effect of the order of this Court in dismissing the appeal was to leave the judgment of the County

Court at Law No. 1, of Dallas County, Texas, a final judgment. Being a final judgment, the matters presented by plaintiffs in the suit in the District Court were barred by the rule of res adjudicata. Therefore, the District Judge was correct in sustaining the motion for summary judgment.

We have carefully considered all of appellants' points and finding the same to be without merit, they are overruled.

The judgment of the trial court is affirmed.