**956**

Docia **ROBINSON** et al., Appellants,

v.

The **STATE** of Texas, Appellee.

No. 4736.

Court of Civil Appeals of Texas,
Eastland.

Jan. 24, 1975.

Rehearing Denied Feb. 21, 1975.

Tommy Warford, Turner, Seaberry & Warford, Eastland, for appellants.

Dean Arrington, Asst. Atty. Gen., Austin, for appellee.

WALTER, Justice.

This is a condemnation case. The State of Texas filed suit against Docia Robinson and R. V. Robinson to condemn 97.11 acres of land and an easement to .46 acres of land to be used in the construction of Interstate 20. The Special Commissioners' order recites that Docia Robinson and R. V. Robinson appeared in person or by attorneys. The Special Commissioners awarded the Robinsons the sum of $45,000.00. The State filed objections to the award but deposited the amount of the award in the registry of the Court and took possession of the property.

In the trial of the case in the county court, the jury found that the market value of the land condemned considered as severed land was $14,635.50; that the value of the remaining land immediately before the

taking was $92,850.00 and the market value of the remaining land after the taking was $86,850.00.

The judgment recites that the Robinsons withdrew the $45,000 and that the State is entitled to recover from the Robinsons the difference between the jury's award of $20,635.50 and the $45,000. Judgment was rendered against the Robinsons in favor of the State of Texas for $24,364.50. The Robinsons have appealed.

The Robinsons contend the court erred in failing to apportion their interest and in rendering judgment decreeing that R. V. Robinson was jointly and severally liable for the difference between the Special Commissioners award and the jury's verdict. They also contend the court erred in granting the State's motion to suppress evidence.

The record in the case at bar reveals that the Robinsons presented a joint claim for compensation and damages; did not plead nor present evidence as to the value of their separate interest in the property, and requested no issues as to the value of their separate interest. The parties stipulated the award was properly made by the special commissioners, that all prior proceedings were regular, and that the only issues were those of market value.

In Walsworth v. San Antonio & A. P. Ry. Co., 10 S.W.2d 194 (Tex.Civ.App.— San Antonio 1928, no writ), the parties agreed that the land in controversy was jointly owned by the plaintiffs and there was no controversy as to their respective interest of the joint owners and there was no inherent difficulty in ascertaining the amount due the joint owners. The court held under these circumstances, it was the duty of the court to ascertain the separate interest of the several owners. The court said:

"If it had appeared that the interests of the several owners were incapable of prompt and accurate ascertainment, or would have entailed a substantial delay in the proceedings, we are of the opinion that the law's demand would have been met by a general award in a lump sum to the several owners or claimants of the land, as was done."

In City of Paris v. Tucker, 101 Tex. 99, 104 S.W. 1046 (1907), the court held under the facts in that case that the award should have determined separately the amount to which each party was entitled to receive. The money was placed in the bank by the City to satisfy the award in the condemnation proceeding which was $100.00. Tucker and his children were entitled to the $100.00 award, but there was no finding to show how much of this sum Tucker was entitled to individually. Under these facts the Court held that the award should have determined separately the amount to which each party was entitled to receive.

The State contends that the Walsworth and Tucker cases can be distinguished from the case at bar. The State contends that in Pillot v. City of Houston, 51 S.W. 2d 794 (Tex.Civ.App.—Galveston 1932, no writ), is controlling. In said case the court said:

"We cannot agree with appellants' contention that the failure of the verdict to apportion the damages among the owners of undivided interests in the 4.76 acres of land out of which the strip sought to be condemned was taken was error requiring a reversal of the judgment. No objection was made by appellants to the charge of the court, which only submitted to the jury the question of the value to appellants jointly of all of the land to be taken by appellee. There is nothing in the pleadings or evidence in the case from which the jury or court could have found that there was any difference in the proportionate value of the undivided interest of any of the appellants in this land.

By their joint written admission filed in the case, by which they claimed and were accorded the right to open and

close the argument on the trial, appellants agreed in effect that the only issue in the case was the value as a whole of the land which appellee asked to be condemned for street purposes. This written admission, which is signed by the attorneys for all the appellants, after admitting the right of appellee to condemn the land, recites that 'the only issues between plaintiff and defendants are the value of the property taken and the damage to these defendants' property adjoining that which is being condemned by plaintiff, and defendants here now having filed this, their written admission as to such issues, demand the opening and closing of the case, both in the introduction of testimony and the argument of the case.' Under this admission appellants assumed the burden of producing all the evidence necessary to establish the value of the separate interests of each of them in the land if they, or any of them, desired to have the value of the land as a whole apportioned to them separately, and, having failed to produce such evidence, they cannot complain of the failure of the judgment to make such apportionment. Gulf, C. & S. F. Ry. Co. v. Brugger, 24 Tex.Civ.App. 367, 59 S.W. 556.

Upon this state of the record we do not think the holdings in the cases of City of Paris v. Tucker, 101 Tex. 99, 104 S.W. 1046, and Walsworth v. S. A. & A. P. Ry. Co. (Tex.Civ.App.) 10 S.W.2d 194, are controlling or applicable."

The State relied upon City of Houston v. Bankers Mortgage Company et al., 514 S.W.2d 326 (Tex.Civ.App.—Houston 1974, writ ref. n. r. e.). In that case the Court said:

"While we have found no case directly deciding the question, we conclude that the burden of producing evidence before the Special Commissioners in a condemnation case rests in the landowner."

◼ Based on the facts and the stipulation of the parties, we hold the court did not err in rendering judgment that R. V.

Robinson was jointly and severally liable for the difference between the Special Commissioners award and the jury's award.

We find no merit in appellants' contention that the court erred in granting the State's motion to exclude evidence as to intended uses of the Robinson's property.

The statement of facts reveals the proceedings at the hearing on this motion. The motion goes to intended uses of the property.

The careful trial court sustained this motion only in so far as it relates to evidence of the intended uses of the property but not to evidence as to the highest and best use or to the adaptability of the property. In Hartford Accident and Indemnity Company v. McCardell, 369 S.W.2d 331 (Tex.1963), the court said:

"It seems that the converse of our holding in the Bridges case is that although the overruling of a motion in limine may be error, it is never reversible error."

By appellants' point two they also contend the court erred "in not allowing the testimony of witness as to how the taking affected the suitability of the remaining property as to airport usage by the City of Ranger." Max Anderson, the Mayor of the City of Ranger, was called as a witness by appellants. They contend the court erred in refusing to allow Mayor Anderson to testify "how the taking of the appellants' property affected the airport expansion."

Mr. Anderson was asked this question and he gave the following answer:

"Q  Okay. Max, the next question I'm going to ask you, I'm going to confine it to this piece of land up here, this northwest remainder up here by the airport. In your opinion as mayor of the city of Ranger, has— how has the taking of this property in through here affected the northwest remainder up around the airport?

A   Well, it affects the airport, we can't go no further with it, and—"

■ The court sustained the State's objection to such testimony. We presume the reason appellants did not except to the ruling of the court and show by the witness what his complete answer to that question would have been was because their lawyer rephrased the question and the witness was permitted to answer the rephrased question without objections. In view of the evidence as a whole on the issues of the highest and best use of the property and the adaptability of the property, we hold that any error committed regarding the rejection of the testimony of R. V. Robinson and the witness, Anderson, is harmless. Rule 434 Texas Rules of Civil Procedure.

We have examined all of appellants' points and find no merit in them. They are overruled. The judgment is affirmed.