**CITY OF DALLAS, Appellant,**

v.

**Anna L. MARTIN, et al., Appellee.**

**No. 05–85–01355–CV.**

Court of Appeals of Texas,
Dallas.

March 31, 1986.

Rehearing Denied May 15, 1986.

James T. Hartnett, Dallas, for appellant.

Analeslie Muncy, Carroll R. Graham, Linda Lawson Gaither, Dallas, for appellee.

Before STEPHENS, VANCE and STEWART, JJ.

STEWART, Justice.

The City of Dallas appeals an order of dismissal in an eminent domain proceeding initiated by the City to acquire property owned by the T.A. Martin family ("The Martins"). The City contends that the trial court erred in dismissing the proceedings and ordering possession of the property returned to the Martins because (1) the parties are protected against any errors involving lump sum awards in proceedings before special commissioners by virtue of their right to appeal and trial de novo; (2) an award of a lump sum is not void; and (3) the City became entitled to possession of the property upon deposit of funds equal to the amount of the commissioners' award into the registry of the court. We agree. Consequently, we reverse the trial court's order and reinstate the cause of action. In view of our decision on the merits, the Martin's application for an injunction pending this appeal is moot and accordingly is denied.

The City of Dallas initiated an eminent domain action in County Court at Law No. 4 in Dallas to acquire certain property owned by the Martins. The property consists of 572 acres divided into three tracts. Two ten-acre tracts are owned by individual family members, while the larger tract is owned jointly by family members. The trial judge appointed three special commissioners in condemnation who, after proper notice, held a hearing with the parties. The commissioners returned their report and awarded the sum of $160,464 to the lessee of the property and jointly awarded the sum of $2,429,840 to the Martins. The City deposited the amount of the award in the registry of the court, paid the court costs, and took possession of the property.

Within the statutory time period for appeal, all parties except the lessee filed objections to the commissioners' report and award. Along with their objections, the Martins filed an original counterclaim charging the City with trespass, restraint of trade, wrongful possession, conversion, discrimination, and other injuries. Subsequently, the Martins asserted that an issue of title existed in the cause, and the county court transferred the case to the district court for disposition.

Following this transfer, the Martins filed a plea to the jurisdiction asserting that the entire proceeding was void because the commissioners had failed to apportion the value of the three tracts of property in returning their report and award. The trial court held that the commissioners' award was incomplete and therefore unappealable. The court then dismissed the case and ordered the funds on deposit in the registry of the court returned to the City and possession of the property returned to the Martins. The City appeals the trial court's orders.

The City first contends that the trial court erred in dismissing the proceeding because, if the special commissioners committed error in awarding a lump sum, the parties are protected by their right to appeal and trial de novo. We agree.

■ Matters involving eminent domain consist of two entirely different proceedings. When the City and the landowner cannot agree on the value of the real estate desired for public use, the county judge appoints three disinterested freeholders in the county as special commissioners who schedule a hearing to ascertain the damages to the property owner. TEX.PROP. CODE ANN. § 21.014–§ 21.017 (Vernon 1984). Either party may object to the findings of the commissioners by filing a written statement. If an objection is filed, the court with jurisdiction then tries the case in the same manner as other civil causes. TEX.PROP.CODE ANN. § 21.018 (Vernon 1984). The commissioners' proceedings are

administrative; when an objection is filed, the proceedings become judicial. *Culligan Soft Water Service v. State,* 385 S.W.2d 613, 615 (Tex.Civ.App.—San Antonio 1964, writ ref'd n.r.e.). Filing an objection vacates the award and prevents any judgment from being entered on the basis of the award. *Culligan Soft Water Service v. State,* 385 S.W.2d at 615; *Kennedy v. City of Dallas,* 201 S.W.2d 840 (Tex.Civ. App.—Dallas 1947, writ ref'd n.r.e.).

■ The Texas Supreme Court has long held that the right of appeal and trial de novo affords a party adequate relief for any errors occurring in the proceedings before the special commissioners "up to and including the award of the special commissioners." *Tonahill v. Gulf States Utilities Company,* 446 S.W.2d 301, 302 (Tex. 1969); *City of Bryan v. Moehlman,* 155 Tex. 45, 282 S.W.2d 687 (Tex.1955). However, the Martins argue that *Tonahill* and *Moehlman* involve collateral attacks in different courts on errors at the commissioners' level; that those decisions hold only that the remedy must be sought in the court with appellate or administrative jurisdiction; that in this case they do not make a collateral attack but are requesting the trial court to determine if it has the requisite jurisdiction to proceed; and that the trial court correctly held that because the award was improperly made, it had no jurisdiction to conduct a trial de novo.

We conclude that the Martins misconstrue the decisions in *Tonahill* and *Moehlman.* The cases clearly hold not only that remedy must be sought in the court where the award was filed, but also that the remedy to be granted is a trial de novo. If errors or irregularities before the commissioners rendered the proceeding void, the supreme court in those cases might well have issued injunctions instead of denying them.

Admitting there are no cases directly on point, the Martins nevertheless cite two cases that they contend support their contention that a lump sum award deprives the court of jurisdiction. Both cases are distin-

guishable from the case at bar. In *Walling v. State,* 394 S.W.2d 38 (Tex.Civ.App.— Waco 1965, writ ref'd n.r.e.), the court of appeals held that the county court erred in appointing a second set of commissioners when there was no proof the first set appointed had failed to act because Article 3266(2) of the Revised Civil Statutes [1] only allows the county judge to appoint "other commissioners when one or more of those appointed shall fail to serve." Therefore, the court further held that the hearing and award of the second set was void and reversed and remanded with instructions that the proceedings be abated until the defendant was notified by law to appear before the first appointed commissioners. This case exemplifies the rule that the requirements of the statutes are to be strictly followed in condemnation proceedings. In *Walling,* the award was void because the commissioners there had no authority to make it. In the case at bar, there is no contention that the proceedings before the commissioners violated statutory requirements or that the commissioners had no authority to make their award.

The Martins also assert that *Lemmon v. Giles,* 342 S.W.2d 56 (Tex.Civ.App.—Dallas 1960, writ dism'd), holds that making and filing a valid award is a prerequisite to appellate jurisdiction. That case, however, only holds that the award must be filed in the court where the commissioners were appointed. It does not address the "validity" of an award. In fact, this court notes that "the proceedings appear to have been regular through the commissioners' decision, but the irregularity occurred *thereafter* when the award was not filed with [the court appointing the commissioners], as it should have been pursuant to art. 3265, subd. 5, V.A.C.S." *Id.* at 59. (Emphasis added). We have no jurisdictional issue in the case at bar comparable to that in *Lemmon.* Furthermore, there the court granted mandamus against the trial judge to set aside his judgment based on the misfiled award, to accept the filing of the

1. Now TEX.PROP.CODE ANN. § 21.014(a) (Vernon 1984).

landowners' objections and to proceed with the trial de novo. The proceeding was not dismissed. The City's first point of error is sustained.

■ The City also contends that the trial court erred in dismissing the case because the lump sum award is not void. We agree. Assuming, without deciding, that the evidence before the commissioners was sufficient for them to have made separate awards on the three tracts involved here, we nevertheless hold that the award is not void. Apportionment is an evidentiary, not a jurisdictional, matter. *Robinson v. State*, 518 S.W.2d 956 (Tex.Civ.App.—Eastland 1975, no writ); *Pillot v. City of Houston*, 51 S.W.2d 794 (Tex.Civ.App.—Galveston 1932, no writ); *Angier v. Balser*, 48 S.W.2d 668 (Tex.Civ.App.—Austin 1932, writ ref'd).

The Martins mistakenly rely on *City of Paris v. Tucker*, 101 Tex. 99, 104 S.W. 1046 (1907), to support their contention that apportionment by the commissioners is absolutely required. The appeal in the *Tucker* case was from the judgment rendered after trial de novo, not from the commissioners' award, and the supreme court remanded the case for the trial court to try the issue of apportionment. The supreme court did not dismiss the *Tucker* case and order the property returned to the landowner as the trial court did here.

It is undisputed that the commissioners had jurisdiction of the subject matter and the parties. We conclude that even if the lump sum award was improper, it was only an irregularity in the commissioners' proceedings, and the Martins exercised their only remedy when they filed their objections to the award. At that time, the county court acquired jurisdiction of the dispute which could not be defeated by showing an irregularity in the proceedings before the commissioners. *City of Houston v. Bankers Mortgage Company*, 514 S.W.2d 326, 328 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd. n.r.e.). The trial court can easily take the separate ownership of the three tracts into consideration in the trial de novo.

The Martins contend, however, that since case law provides that withdrawal of the award precludes further challenge of the condemnor's right to take the property, *Amason v. Natural Gas Pipeline Company*, 682 S.W.2d 240, 242 (Tex.1984), Daphrene Martin, who is not challenging the City's right to take her individual ten-acre tract, is wrongfully prevented from withdrawing her portion of the award because (1) the City's deposit was made payable jointly, and (2) no value was assigned to her individual tract. Under these facts, the Martins assert that because Daphrene cannot withdraw any portion of the award without jeopardizing the right of the owners of the other tracts to contest their taking, she is being deprived of just compensation for her tract from the time the city took possession of the property until final verdict at the trial level in violation of Article I, Section 17 of the Texas Constitution. They further argue that Daphrene's only remedy is a plea to the jurisdiction or plea in abatement with a return of her property until the commissioners make an award applicable to her separate tract.

The Martins have cited no authority to support their contentions and we have found none. Article I, Section 17 states that adequate "compensation shall be first made *or secured by* a deposit of money ... equal to the commissioners' award" (Emphasis added). We conclude that Daphrene's constitutional right to just compensation is protected by the City's deposit of an amount equal to the lump sum award and by her right to trial de novo on the issue of apportionment. *City of Paris v. Tucker*, 104 S.W.2d at 1046. The City's second point of error is sustained.

■ The City also contends that the trial court erred in ordering possession of the subject property returned to the Martins because it became entitled to possession of the property upon deposit of the funds equal to the commissioners' award into the registry of the court and any errors before the special commissioners do not invalidate such right to possession. We agree that the City has complied with section 21.021 of the Texas Property Code and is entitled to

possession. The Texas Supreme Court addressed this issue in *Harris County v. Gordon*, 616 S.W.2d 167 (Tex.1981). In that case, the property owners sought an injunction to prevent Harris County from taking possession of their property pursuant to an eminent domain action. Their basis for seeking the injunction was that the money deposited into the registry of the court was not apportioned among the various defendants. The supreme court held:

> We agree that no temporary injunction should issue on this basis. Harris County has complied literally with article 3268 [Now V.A.T.S. Prop.Code § 21.021] and deposited the award money into the registry of the court "subject to the order of the defendants." This court is not justified in writing exceptions into the statutes so as to make it inapplicable under special factual circumstances not mentioned in the statute.

*Id.,* at 169. The Martins argue that *Gordon* is inapplicable because "apportion" refers to multiple owners of one property there, while the present case deals with the owners of three separate properties. This distinction has no merit; the principle is the same. The City here is entitled to possession since it has also complied literally with the Property Code. *Id.*

The trial court's judgment is reversed and the cause of action is reinstated.